665 So.2d 697 (1995)
James Mikey WELCH, Wanda L. Welch, Sidney L. Green and Toni L. Green, Plaintiffs-Appellants,
v.
Nancy ZUCCO and The Succession of Katherine Straughn, Defendants-Appellees.
No. 27,634-CA.
Court of Appeal of Louisiana, Second Circuit.
December 6, 1995.
Rehearing Denied January 18, 1996.
*698 Deal & Norris by Philip T. Deal, Monroe, for Appellants.
Robert T. Talley, Baton Rouge, for Appellee.
Before SEXTON and BROWN, JJ. and CLARK, J. Pro Tem.
SEXTON, Judge.
In their partition suit against two co-owners, plaintiffs, James Mikey Welch, Wanda L. Welch, Sidney L. Green, and Toni L. Green, owners of an undivided interest in Tensas Parish property, appeal a summary judgment ordering "specific performance of the conveyance of Plaintiffs' 56.83% interest in Tract 9 of the former Dubuisson estate to Defendant Nancy Zucco...." (one of the two defendants in the suit). Plaintiffs contend that the trial court's order to convey their interest to Zucco deprived them of the right to a partition by licitation conducted at a public sheriff's sale. This judgment is reversed and the matter is remanded for further proceedings in accordance herewith.

FACTS
Alleging they are owners of an undivided 56.83 percent interest in approximately 572 acres of property known as Tract 9 in Tensas Parish, plaintiffs named as defendants Nancy Zucco and the Succession of Katherine Sibley Straughn, each owners of 3.24 percent interest in Tract 9.
In 1991, plaintiffs sued a number of defendants, including Nancy Zucco, for partition of the property. In 1993, the trial court, in reasons for judgment, found the property should be partitioned by licitation due to its unique geographical characteristics and required a minimum bid of $223,000.00 to protect minority owners. In Watson v. Cook, 616 So.2d 803 (La.App.2d Cir.1993), writ denied, 619 So.2d 579 (La.1993), this court set aside a transfer from Katherine Sibley Straughn, Nancy Sibley Zucco, and Patsy Sibley Cook to their attorneys as a prohibited acquisition of litigious rights. The heirs had entered into an act of transfer that conveyed one-third of their interest in the succession to their attorneys. This court set the act of transfer aside and, as a result, each sister received her 3.24 percent interest in the property.
In August 1993, plaintiffs obtained Patsy Sibley Cook's interest in the property. Plaintiffs allegedly no longer desire to own the property in indivision and filed this suit for partition. In an affidavit dated June 30, 1994, plaintiffs asserted that the market value of the property was $223,000.00. Plaintiffs contended they were entitled to 56.83 percent of the proceeds of a judicial sale. Requesting that the trial court order a public sale by the sheriff, plaintiffs sought to have a notary appointed and to have the court set a minimum bid of $223,000.00 for the property.
The Succession of Straughn filed a general denial. Nancy Zucco answered and admitted the allegations of plaintiffs' petition. Zucco further answered, asserting that she formally desired to purchase plaintiffs' undivided interest in tract 9 for $126,730.90, the price she contended plaintiffs had stipulated that their interest was worth.
Plaintiffs moved for a judgment on the pleadings, since Zucco admitted all plaintiffs' allegations. Zucco also filed a motion for summary judgment, seeking the court to order the sale of the property to her under the terms set out in her answer. The Succession of Straughn filed a "statement" that they did not oppose Zucco's motion for summary judgment while they did oppose plaintiffs' motion for judgment on the pleadings. Further, *699 they specifically reserved their rights regarding the question of whether Tract 9 was divisible in kind.
In written reasons for judgment, the trial court noted that this property was part of the Succession of Linda Dubuisson, No. 13,558 and Succession No. 2874, Sixth Judicial District Court. Defendants inherited from Dubuisson while the plaintiffs acquired their interests by purchases from other heirs. Noting that the facts were undisputed, the trial court concluded that the issue was whether plaintiffs were entitled to partition by licitation and whether Zucco was entitled to purchase plaintiffs' interest at a stipulated price. Stating that both parties had stipulated that the property could not be partitioned in kind, the trial court decided that private sale was the most convenient and advantageous method of partition for the coheirs under LSA-C.C. Art. 1336. The trial court found that the basic elements for a sale were present, since there was no dispute as to thing, price and consent. LSA-C.C. Art. 2439. Therefore, plaintiffs were ordered to transfer their 56.83 percent interest in Tract 9 to Nancy Zucco for the stipulated price of $126,730.90, representing 56.83 percent of the price which the trial court found to have been the "stipulated price." The judgment in favor of Nancy Zucco also appointed a notary to implement the court's orders and denied plaintiffs' motion for judgment on the pleadings. Plaintiffs appealed suspensively.

DISCUSSION
Appellate courts review the granting of a summary judgment de novo under the same criteria governing the trial court's consideration of whether a summary judgment is appropriate. Tugwell v. State Farm Insurance Co., 609 So.2d 195 (La.1992). The motion for summary judgment is a procedural device which avoids a full-scale trial when there is no genuine factual dispute. The motion should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966. The mover for summary judgment has the burden of affirmatively showing the absence of a genuine issue of material fact. Any doubt should be resolved against granting the motion. The party seeking a summary judgment must meet a strict standard by showing that it is quite clear as to what the truth is. Any real doubt as to the existence of material fact must be excluded. The papers supporting the mover's position are to be closely scrutinized while the opposing papers are to be indulgently treated. When the court is presented with a choice of reasonable inferences to be drawn from subsidiary facts contained in affidavits and attached exhibits, reasonable inferences must be viewed in the light most favorable to the party opposing the motion. Summary judgment should not be granted even if the trial court has grave doubts as to a party's ability to establish the disputed facts. It is not the function of the trial court on a motion for summary judgment to determine or even inquire into the merits of the issues raised. Ouachita National v. Gulf States Land & Development, 579 So.2d 1115 (La.App.2d Cir.1991), writ denied, 587 So.2d 695 (La.1991).
A thing may be owned by two or more persons in indivision. LSA-C.C. Art. 797. The share of each co-owner is distinct and certain but only intellectually discernible. The state of indivision ordinarily terminates by amicable or judicial partition. Judicial partition may be in kind, by judicial sale, or by private sale. 2 A. Yiannopoulas, Louisiana Civil Law Treatise, "Property" § 30 (3d ed. 1991).
LSA-C.C. Arts. 807, 809, 810 and 811 provide:
Article 807. Right to partition; exclusion by agreement.
No one may be compelled to hold a thing in indivision with another unless the contrary has been provided by law or juridical act.
Any co-owner has a right to demand partition of a thing held in indivision. Partition may be excluded by agreement for up to fifteen years, or for such other period as provided in R.S. 9:1702 or other specific law.
*700 Article 809. Judicial and extrajudicial petition.
The mode of partition may be determined by agreement of all the co-owners. In the absence of such an agreement, a coowner may demand judicial partition.
Article 810. Partition in kind.
The court shall decree partition in kind when the thing held in indivision is susceptible to division into as many lots of nearly equal value as there are shares and the aggregate value of all lots is not significantly lower than the value of the property in the state of indivision.
Article 811. Partition by licitation or by private sale.
When the thing held in indivision is not susceptible to partition in kind, the court shall decree a partition by licitation or by private sale and the proceeds shall be distributed to the co-owners in proportion to their shares.
The 1990 revision comments for Art. 811 state:
(a) This provision is new. Its purpose is to clarify the law.
(b) Partition by licitation is a sale of a thing held in indivision, with the proceeds of the sale divided among the co-owners in proportion to their shares. If the sale of the thing to a third person is excluded by previous agreement, an auction is conducted among the co-owners.
LSA-C.C.P. Arts. 4601, et seq. provide the procedure for partitions between co-owners. Partitions can be either nonjudicial or judicial. LSA-C.C.P. Art. 4601. Partitions must be judicial when the parties cannot agree upon a nonjudicial partition. LSA-C.C.P. Art. 4602. Unless the property is indivisible by nature or cannot conveniently be divided, the court shall order the partition made in kind. LSA-C.C.P. Art. 4606.
The effect of the trial court's summary judgment was to treat this dispute as though an agreement among two of the coowners had been reached as to thing, price and consent. However, we conclude that nothing in the code articles, comments thereto, or jurisprudence contemplates a court-ordered private sale as directed by the trial court in this matter. LSA-C.C. Art. 811, amended in the 1990 legislative session, indeed contemplates partition by private sale. Additionally, LSA-C.C.P. Art. 4607, also amended in the 1990 legislative session, directs that partitions by licitation be conducted at public auction but also provides that a nonjudicial partition may be agreed upon by the parties prior to a judicial sale.
The comments to article 811 indicate that the article was amended to clarify the law. The predecessor to Art. 811, Art. 1339 of the Revised Civil Code of 1870, read as follows:
Art. 1339. When the property is indivisible by its nature, or when it can not be conveniently divided, the judge shall order, at the instance of any one the heirs, on proof of either of these facts, that it be sold at public auction, after the time of notice and advertisements prescribed by law, and in the matter herein after prescribed.
(Emphasis ours.)
Clearly, this law made no provision for private sale and provided for mandatory public auction when partition in kind was unavailable. A comparison of the old article with the new article causes us to believe that the legislature merely intended a clarification of the law in this area to provide the option of a private sale prior to public sale, an option not available in the earlier law. We believe the "private sale" of Art. 811 and the consensual sale in Art. 4607 are simply the sale defined by LSA-C.C. Art. 2439, i.e., in order to effect the sale, there must agreement between the parties as to thing, price and consent.
In a discussion of the new laws of coownership, Professor Symeonides observed that the revisions took a conservative approach.
There is much to be said for the proposition that, in the area of property law, change should come very gradually and in small increments. In that sense, [the revisions of the law of co-ownership including partition have] brought about a small degree of change and a much greater degree of continuity with previous jurisprudence. *701 Symeon C. Symeonides & Nicole Duarte Martin, The New Law of Co-Ownership: A Kommentar, 68 TUL.L.REV. 69, 160 (1993).
We do not read the present partition provisions to provide that the judge has the option to order partition or private sale as has been done in this case. Even assuming the current law allowed the judge to order a private sale upon pleadings such as these, a proposition which we do not accept, we cannot agree that there has been an agreement here as to every element of a sale. Rather, the pleadings reveal a genuine issue as to a material fact, the price of the property. Zucco asserted that the plaintiffs' June 30, 1994, statement of the property's minimum fair market value equaled the plaintiffs agreeing to partition the property at that price. The trial court apparently accepted Zucco's assertion. However, plaintiffs' petition belies that conclusion. In asking that the property be sold, the plaintiffs requested that the trial court set a minimum bid of $223,000.00 for Tract 9. Viewed in the light most favorable to plaintiffs and resolving any doubt in their favor, the requested minimum bid simply evidences plaintiffs' intention that the property sell for more than the 1994 fair market value.
Furthermore, another disputed fact is whether or not the property is subject to being divided in kind. While plaintiffs and the defendant Zucco pled that the property cannot be divided in kind, a court-ordered sale of Zucco's interest does not resolve the issue as to the other defendant. The Succession of Straughn has not agreed that the property is not divisible in kind.
In summary, we conclude that the redactors did not intend the drastic change contemplated by the trial court and therefore reverse the summary judgment. We remand for a trial on the merits in accordance with the provisions of LSA-C.C. Art. 807, et seq., and LSA-C.C.P. Art. 4601, et seq., and for a ruling thereafter consistent herewith. All costs of these proceedings are assessed against the defendant Nancy Zucco.
REVERSED AND REMANDED.

APPLICATION FOR REHEARING
Before SEXTON, BROWN, WILLIAMS, STEWART, JJ., and CLARK, J. Pro Tem.
Rehearing Denied.