JiYELVERTON, Judge.
This is an appeal from a summary judgment ordering a judicial partition of property by licitation. Hebert’s Holding, L.L.C. sued its co-owner in indivisión, Welton P. Mouton, Jr. Hebert’s Holding moved for summary judgment. The trial judge stated the facts and gave summary judgment for the following reasons:
In the present case, the property is a city lot upon which is located a commercial building. (This is established by the Peti *984 tion and Defendant’s Answer). The ownership is 60/40%. The Court concludes that there is no way to divide this property (and building) into five equal lots to effect a partition in kind. Considering the recent amendment to C.C.P. 966, which provides that summary judgment is favored, and the Court wishing to avoid needless time and expense of further litigation, grants the Plaintiffs Motion For Summary Judgment decreeing that the property be partitioned by licitation and assessing all costs against the Defendant.
Welton Mouton appeals arguing that summary judgment was not appropriate because there is still a question of whether a private sale is available as an alternative to a sale by licitation.
MOTION TO FILE TEXTUAL MATERIAL
Mouton has moved in this court for permission to file documents from two committees of the Louisiana State Law Institute, the Civil Law Committee and the Louisiana Code of Civil Procedure Committee, and to file a portion of the legislative history of the new Louisiana Civil Code Articles on Ownership in Indivisión. These materials relate to La.Civil Code art. 811.
These materials were not part of the record below at the time summary judgment was granted. The materials were filed later with an application for a new trial. Mouton cites Uniform Rules-Courts of Appeal, 2-15.4 which provides that “[a] book, treatise, or other textual material not conveniently available to the court, used as authority during argument by counsel, shall, on request of court, be deposited with the court until the ease is decided.”
Although this court considers legislative history of a statute when interpreting a statute, many of the materials submitted by Mouton are not part of the legislative history. Also, we find that these materials, even the incomplete legislative Ishistories, do not help us in the exegesis of the subject matter. We therefore have not considered them, and we deny the motion.
OPINION
La.Civ.Code arts. 809-811 are applicable to this case.
Art. 809. Judicial and extrajudicial partition
The mode of partition may be determined by agreement of all the co-owners. In the absence of such an agreement, a co-owner may demand judicial partition.
Art. 810. Partition in kind
The court shall decree partition in kind when the thing held in indivisión is susceptible to division into as many lots of nearly equal value as there are shares and the aggregate value of all lots is not significantly lower than the value of the property in the state of indivisión.
Art. 811. Partition by licitation or by private sale
When the thing held in indivisión is not susceptible to partition in kind, the court shall decree a partition by licitation or by private sale and the proceeds shall be distributed to the co-owners in proportion to their shares.
The Code of Civil Procedure article particularly applicable to this case is as follows:
Art. 4607. Partition by licitation
When a partition is to be made by licitation, the sale shall be conducted at public auction and after the advertisements required for judicial sales under execution. All counsel of record, including curators appointed to represent absentee defendants, and persons appearing in proper person shall be given notice of the sale date. At any time prior to the sale, the parties may agree upon a nonjudicial partition.
14“Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate.” Kumpe v. State, 97-386, p. 3 (La.App. 3 Cir. 10/8/97); 701 So.2d 498, 499-500. A motion for summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment *985 as a matter of law.” La.Code Civ.P. art. 966(B).
“If the mover’s supporting documentation is sufficient to establish that no genuine issue of material fact exists, the burden of proving the existence of a genuine issue of material fact shifts to the nonmoving party.” Kumpe, 701 So.2d at 500. The legislature’s 1987 amendment to Article 966 increases the burden of proving the existence of a genuine issue of material fact by favoring summary judgment and by requiring that the nonmover establish the existence of proof of an element of his claim for which he will bear the burden of proof at trial. Id.
Mouton, in brief, concedes that “a division in kind is not permissible under current Louisiana Law” and acknowledges “the correctness of Judge Broussard’s decision and that this property cannot be divided in kind.” Therefore, there is no issue of material fact regarding whether the property is susceptible to partition in kind. It is not. That portion of the summary judgment was properly rendered. The issue that appellant has raised as to the summary judgment was its argued incompleteness; appellant’s argument is that the summary judgment was improper because it ordered a partition by licitation without considering the possibility of a partition by private sale. Mouton argues that a partition by private sale is a third method of partition, the first Rtwo being division in kind and partition by licitation. Although it is not explicitly set forth, we interpret appellant’s argument to be that a trial court handling a judicial partition does not complete its adjudicatory function under Article 811 until it has considered, and presumably rejected or ordered, the alternative of a private sale. In other words, Mouton’s contention is that the trial court cannot, under any circumstances, after having found that the property is not subject to a partition in kind, simply order a partition by licitation.
We reject this notion and affirm the judgment. First, the issue of private sale was never raised in the summary judgment proceedings, and Mouton has neither pleaded nor offered any proof that a private sale is actually available as an alternative to a sale by licitation. Indeed, there is on file in this case Mouton’s statement in response to an interrogatory that “no agreement has been made to a non-judicial partition of the property. Whether one can be made is speculative and objected to on that basis.” A private sale is one means of effectuating a nonjudieial partition. In addition to the admission that there exists no agreement, or prospect of one, regarding a private sale between the co-owners, there were likewise no facts, evidence, requests for relief, or even arguments suggesting the availability of a private sale to third parties as an alternative to a public sale. Therefore, following proper summary judgment procedure, the trial judge was left no choice except to order a partition by licitation.
Second, we agree with the analysis of Article 811 made by the second circuit in Welch v. Zucco, 27,634 (La.App. 2 Cir. 12/6/95); 665 So.2d 697, writ denied, 96-0438 (La.4/8/96); 671 So.2d 336. As pointed out in Welch, La.Civ.Code art. 1339, the predecessor of Article 811, made no provision for a private sale. The court in | eWelch held that the addition of “private sale” was intended by the legislature to clarify the law to provide the option of a private sale prior to public sale. Welch observed that La.Code Civ.P. art. 4607 was also amended in 1990 to provide for the method of a partition by licitation but also provided that at any time prior to the sale, the parties could agree upon a nonjudicial partition. When Article 811 is read in conjunction with Article 4607, it is obvious that this reasoning was correct that the addition of the words “private sale” was to allow the parties to agree to a private sale without having to go through the time and expense of a public sale. The Welch court’s decision was based on comment (a) to Article 811 that “[i]ts purpose is to clarify the law.” The second circuit reasoned that the addition of the words “private sale” did not mean that the court could now also order the parties to sell the property by way of private sale. We agree with the second circuit that “private sale” was added by the legislature to clarify the law to allow the co-owners to agree to a private sale.
We recognize, as appellant has pointed out, that in the procedure for a community property partition, La.R.S. 9:2801(4)(d) authorizes a district court to order a private sale, in *986 preference to a partition by licitation, as the first remedy. What is before us now is not a community property partition, and no such option is given the court under Article 811. We note also that in our Code of Civil Procedure, in the title dealing with Administration of Successions, and in Chapter 6, dealing with Alienation of Succession Property, where both Public Sale (Articles 3271-3273 et seq.) and Private Sale (Articles 3281-3288) are discussed, the district court is again given certain authority regarding the private sale of succession property, when the best interests of the succession justifies it. Again, we point out that Article 811 does not define the ^circumstances under which a court may decree a partition by private sale. We are fortified by these considerations in our interpretation that this change in Article 811 is for clarification only, as the reporter’s comments say it is. The clarification is that the co-owners may still timely convert an order of partition by licitation into a private sale, if they timely agree to a private sale, by moving or petitioning the court to recall its order of a sale by licitation and to allow the private sale to take place. This interpretation is manifest in the last sentence of La.Code Civ.P. art. 4607: “At any time prior to the sale [by licitation], the parties may agree upon a nonjudicial partition.”
The judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.