THOMAS F. DALEY, Judge.
12Plaintiff, Ferrell J. Lasseigne, filed a Petition For Judicial Partition of a piece of immovable property he co-owns with defendants, Timothy Weller and Wendy Weller Baker. The trial court ordered that the property be partitioned by licitation (sheriffs sale), and also ordered plaintiff to reimburse the defendants for property taxes and the costs to demolish a condemned building on the property.
■ The property in question is located in Lakeshore Estates, Des Allemands, Louisiana. The lot (Lot 94) was acquired by four siblings: Ted Weller, Timothy Weller, Cindy Weller Boudreaux, and Wendy Weller Baker, through their father’s succession. According to the record, the lot is approximately 50 feet wide by 65 feet deep and fronts on the rear to a canal that leads to Lake Des Allemands. In 2002, Ted and Cindy each sold their one-quarter interests (1/4) in the property to Lasseigne for $2,000.00 each. By mail in May of 2002, Lasseigne offered to purchase the remaining two siblings’ interests for $2,000.00 each, which they refused.
^Subsequent to plaintiffs offer, the defendants received notice from St. John Parish that the building on the property, a one-story fishing camp, had been deemed hazardous and unsafe. Defendants were ordered to demolish the building and clear the land. It appears from the record that in April of 2002, Lasseigne offered to demolish the house and clean up the trash on the property for a total of $5,100.00, but defendants declined this offer. Lass-eigne’s offer came before the parish condemned the building.
On November 18, 2002, Lasseigne filed a Petition for Judicial Partition of Property *1076 and Expedited Hearing. Defendants[1] answered the petition on December 6, 2002, averring that the property was capable of being partitioned in kind. In the alternative, Baker stated in her Answer that should the trial court find that the said property could not be physically partitioned, then the defendant should be allowed to make the same offer to purchase the property from petitioners as the petitioners had made to the defendants. Further, in the alternative, Baker answered that an appraisal of the property should be made and the property put up for “public sale through a real estate agent.”
According to testimony at trial, on February 10, 2003, defendants hired someone to tear down the fishing camp at a cost of $2,500.00.
The court appointed an appraiser to evaluate the property. The property appraised at $8,000.00 for the entirety of Lot 94. Defendants countered plaintiffs offer with a demand of $4,000.00 each for their one-quarter interests, which plaintiff declined. During these proceedings, defendants in their Pre-Trial Statement also claimed reimbursement from plaintiff for the amounts they paid for property taxes and demolition of the building.
|4In its Judgment, the trial court found that the property was not susceptible to partition in kind, and ordered that the property be sold at sheriffs sale and the proceeds divided among the co-owners. The trial court specifically found that the parties were not capable of the type of cooperation needed to sell the property by private sale. The trial court also ordered Lasseigne to reimburse defendants for half of the property taxes they paid and for half of the demolition costs. It is from this judgment that Lasseigne appeals.
On appeal, Lasseigne argues the following Assignments of Error. First, he argues that the trial court should have ordered the property to be partitioned in kind since all parties agreed to that solution. Second, he argues that in the alternative, he should have been allowed to purchase the property from the defendants at the appraised value determined by the court appointed appraiser. Third, Lass-eigne argues that he should not be liable to the defendants for the taxes or demolition costs since they did not file a reconventional demand.
We find that the first two Assignments of Error have no merit, but agree with appellant that the defendants did not make a proper reconventional demand for the reimbursement costs. We reverse that portion of the judgment.

PARTITION

In pertinent part, LSA-C.C. art. 807 states:
No one may be compelled to hold a thing in indivisión with another unless the contrary has been provided by law or juridical act.
Any co-owner has a right to demand partition of a thing held in indivisión.
LSA-C.C.P. art. 4601 states that the partition of property may be made either nonjudicially or judicially. Judicial partition means partition through the medium of a judicial proceeding. King v. Saint, 1908, 5 Orleans App. 225, 1908 WL 1374.
| sArt. 810. Partition in kind
The court shall decree partition in kind when the thing held in indivisión is susceptible to division into as many lots of nearly equal value as there are shares *1077 and the aggregate value of all lots is not significantly lower than the value of the property in the state of indivisión.
Art. 811. Partition by licitation or by private sale
When the thing held in indivisión is not susceptible to partition in kind, the court shall decree a partition by licitation or by private sale and the proceeds shall be distributed to the co-owners in proportion to their shares.
“Licitation” is defined by Black’s Law Dictionary, Fifth Edition, as “... an offering for sale to the highest bidder ...”
At any time prior to the judicial sale, the parties may agree upon a nonjudicial partition. LSA-C.C.P. art. 4607; Hebert's Holdings, L.L.C. v. Mouton, 97-1238 (La. App. 3 Cir. 3/6/98), 709 So.2d 983.
The trial court found as a fact that this piece of immovable property could not be partitioned in kind without serious diminution in value. In its Reasons for Judgment, the trial court stated:
Neither the parties nor the court-appointed appraiser addressed the effect on the value of the property should it be partitioned in kind. Nevertheless, jurisprudence permits the court to use its discretion and common sense in determining whether partition in kind is appropriate. Cahill v. Kerins, 784 So.2d 685 (La.App. 2 Cir.2001); Knighten v. Ruffin, 255 So.2d 388 (La.App. 1st Cir. 1971). In this case, it is obvious that the major attribute of this lot is its 50 — ft water frontage. To divide this lot into four lots with water frontage would give each lot only 12/& feet of water frontage. Alternatively, to divide this lot into four lots with 32}£ feet depths, but two lots with water frontage of 25 feet each and two lots with street frontage of 25 feet each, would seriously diminish the value of all lots, particularly those with no water frontage. It seems impossible to submit this lot to partition in kind without seriously devaluing the property.
Nevertheless, plaintiff testified in his deposition that he has no objection to the lot being divided, with his receiving half of the property. Defendants, in their answer and trial memoranda, also allege that the property is capable of being partitioned in kind and apparently have no objection thereto. However, the defendants refer to the lot’s being divided into “two equal parcels.” Defendants 1 ^apparently do not take into consideration that a partition in kind would require that the court divide the property into three lots, with 50 percent going to plaintiff and 25 percent to each defendant.
After reviewing the record and exhibits, we agree with the trial court that the lot was not susceptible to partition in kind, despite the fact that the parties agreed to it prior to trial. On appeal, defendants support the trial court’s ruling regarding partition by lieitation.
Lasseigne argues that partition by licitation is the most punitive option available to the trial court. The defendants, in their appeal brief, agree with the trial court that partition by licitation is necessary because the parties cannot agree on anything else. We note that the codal articles allow the parties to agree to a private sale, i.e. a nonjudicial partition, at any time prior to the public sale. See C.C.P. art. 4607. Thus, the court’s judgment notwithstanding, the parties may conduct a private sale, but only if they agree to such a procedure. Absent such agreement, the trial court’s ruling stands.
Next, Lasseigne argues that he should have been allowed to purchase the.defendants’ interests for the value set by the court-appointed appraiser. That option, however, is not found in the Civil Code or *1078 Code of Civil Procedure, and plaintiff does not cite any authority for this position. In a suit for partition, the trial court has three options under LSA-C.C. arts. 810 and 811: partition in kind, partition by licitation, or by private sale. The trial court did not err in this respect.

RECONVENTIONAL DEMAND

Lasseigne also argues that the trial court erred in ordering him to reimburse the defendants for the property taxes and costs to demolish the building, because their reconventional demand was not proper. We agree.
|7The Reasons for Judgment and transcript state that the defendants’ Answer to the Petition sets forth a reconventional demand for the taxes and demolition costs. We have reviewed the Answer, however, and find nothing stated therein that could be remotely construed as a reconventional demand. The defendants raised the issue of the reimbursement in their Pre-Trial Memorandum. At trial, counsel for Lass-eigne argued that no reconventional demand had been made, and objected to trying the same.
Art. 1063. Service of reconventional demand; citation unnecessary
The petition in reconvention, whether incorporated in the answer to the principal action or filed separately, shall be served on the plaintiff in the principal action in the manner prescribed by Article 1314. Citation of the plaintiff in the principal action shall not be necessary.
The record shows that the defendants’ Answer makes no mention of the reimbursement claim. The first pleading that raises this claim is the defendants’ PreTrial Statement. The record is clear that this pleading was not served upon the plaintiff as per LSA-C.C.P. art. 1314. Accordingly, there was no proper reconven-tional demand, and that portion of the judgment awarding defendants the reimbursement costs against plaintiff is vacated.

AFFIRMED IN PART; VACATED IN PART.

. The Answer was filed on behalf of defendant Baker only. However, the defendants' PreTrial Order was filed on behalf of both Tim Weller and Wendy Baker, and at trial, defense counsel stated that he represented both Weller and Baker.