CHARLES R. JONES, Chief Judge.
IjThe Appellants, Jennie Lee Higginbotham, wife of/and Wilson Johnson, seek review of the district court’s granting of a motion for summary judgment filed by the Appellee, 8701 Oak Street, LLC. Finding that the district court erred in reasoning that there were no genuine issues of material fact, the judgment of the district court is reversed and the matter is remanded for further review.
This appeal involves a purchase agreement between the parties concerning the property bearing municipal address 8701 Oak Street (the Property), owned by the Appellants. On February 24, 2005, a purchase agreement was executed between the Appellee, Marino Investments, LLC[1], as purchaser, and Mr. Johnson, as seller, for the Property, for the price of $200,000. The purchase agreement included the following provisions regarding the Appellee’s testing for contaminants on the Property:
Purchaser shall have a period of Ninety (90) days from acceptance thereof to perform all necessary testing and due diligence of the subject properties, solely at its ^expense, and if after completion of said due diligence, the property does not meet the requirement of the Purchaser, in the sole opinion of the purchaser, then this contract shall be null and void, without further obligations on the side of either party.
The closing of the sale of the property was scheduled for June 14, 2005; however, the sale was not completed on that day as scheduled. On October 7, 2007, the Appellants agreed to sell the Property to Marino Investments, LLC, in the .amount of $225,000. The parties entered into an oral compromise agreement in open court. The compromise agreement further provided that:
Defendant [the seller] shall have occupancy of the subject premises up to December 28, 2007, and shall be obligated to remove from said property any items stored thereon of any nature whatsoever, including but not limited to motor vehicles, tires, containsfsic], and personal property.
Defendants shall notify plaintiff [Mari-no] when the removal of the afore described property has been completed in order to allow plaintiff an opportunity to inspect same and upon plaintiffs satisfactory inspection, the closing for the subject property shall be scheduled within five (5) business days thereof ...
However, the Appellee failed to honor its obligation as agreed to between the parties. Thereafter, the Appellants filed a Motion to Enforce Settlement Agreement in the Civil District Court of Orleans Parish, which was granted on December 10, 2008. The Appellee instituted an appeal in this Court, which affirmed the judgment of the district court ordering the enforcement *1250 of the settlement agreement between the parties and the sale of the property. Further, the Appellee sought review in the Louisiana Supreme Court, which denied the writ application.
The Appellants again were unable to enforce the sale due to the failure of the Appellee to cooperate. On March 23, 2010, the Appellants filed a second Motion to Enforce Settlement Agreement in the district court, which was granted on | ^¡October 8, 2010. Both Motions to Enforce Settlement Agreement filed by the Appellants in the district court were filed in case # 2005-8989, and were allotted to Division “C”. The parties thereafter proceeded to the closing of the sale, and scheduled a closing date of January 31,
2011, to sign the purchase agreements. However, in the interim, the Appellee requested an inspection of the premises on January, 11, 2011, which was agreed to by the Appellants. After the inspection, the Appellee requested further cleanup of the premises by the Appellants, who completed the cleanup on January 12, 2011.
As previously agreed to by the parties, they were to meet at 1:30 p.m. on January 31, 2011, to complete the sale. However, earlier that day, the Appellants received information from the Appellee informing them that upon another inspection of the Property premises that morning, the Ap-pellee discovered “new oil” and “new environmental contamination” on the premises, and further, that the electrical wiring of the premises was damaged. The Appellee alleged that the Appellants had caused these damages and therefore, requested of the Appellants to oversee and pay for the cost of the repairs and cleanup. The Ap-pellee further informed the Appellants that the Appellee would be entitled to a reduction in the sale price if the Appellants failed to oversee and pay for the costs of removing the newly found “environmental contamination”. With this new information and allegations, the Appellants informed the Appellee that they would not oversee the costs for the cleanup, nor would they agree to the new contractual terms proposed by the Appellee. The Appellants failed to show up for the closing of sale of the property due to the unsolved allegations made by the Appellees earlier that day.
Shortly after January 31, 2011, the Ap-pellee, formerly known as Marino Investments, LLC, formed another company, 8701 Oak Street, LLC, and | ¿transferred all of the property rights owned under Marino Investments, LLC, to 8701 Oak Street, LLC. The Appellants were not aware of this transfer; thus, they did not consent to the transfer. In February, 2011, the Appellee filed a Petition for Declaratory Judgment in case # 2011-2068, which was allotted to Division “G” of the District Court. In March 2011, the Appellants filed their answer to the Appellee’s petition, and in addition, an exception of Lis Pendens and an exception of Res Judi-cata. Thereafter, the Appellee filed a motion for summary judgment alleging that due to the failure of the Appellants to appear for the closing of the sale of the property on January 31, 2011, the purchase agreement between the parties should be deemed nullified. The district court scheduled the hearing for the motion for summary judgment on May 20, 2011, and the hearing on the exceptions filed by the Appellants on June 3, 2011. The district court granted the Appellee’s motion for summary judgment on May 24, 2011, without reasons. The district court did not rule on the exceptions after granting the motion for summary judgment. The Appellants timely filed a writ application, which was converted into a devolutive appeal.
The Appellants raise three (3) assignments of error on appeal:
*1251 1) Whether the district court erred in failing to recognize genuine issues of material facts present, which precluded summary judgment;
2) Whether the district court erred in granting the Appellee’s motion for summary judgment; and
3) Whether the district court erred in not disposing of ’the Appellants’ exceptions prior to moving forward with the motion for summary judgment hearing.
IsThe Appellee further raises an assignment of error asserting that this appeal is moot due to the property at issue being sold at a sheriffs sale. We pretermit this issue as it is not before this Court.
A motion for summary judgment is a procedural device that avoids a full-scale trial when there is no genuine factual dispute, and should be granted only if pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact and that movant is entitled to judgment as a matter of law. Welch v. Zucco, 27,634, p. 3 (La. App. 2 Cir. 12/6/95), 665 So.2d 697, 699, rehearing denied, writ denied, 1996-0438 (La.4/8/96), 671 So.2d 336. Appellate courts review the granting of summary judgment de novo under the same criteria governing the trial courts consideration of whether the summary judgment is appropriate. Hannan v. Barbara Enterprises, Inc., 2011-1328, p. 2 (La.App. 4 Cir. 1/25/12), 83 So.3d 1165, citing Reynolds v. Select Props., Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, 1183. In evaluating the review of motions for summary judgment, the Court in Welch reasoned:
The mover for summary judgment has the burden of affirmatively showing the absence of a genuine issue of material fact. Any doubt should be resolved against granting the motion. The party seeking a summary judgment must meet a strict standard by showing that it is quite clear as to what the truth is. Any real doubt as to the existence of material fact must be excluded. The papers supporting the mover’s position are to be closely scrutinized while the opposing papers are to be indulgently treated. When the court is presented with a choice of reasonable inferences to be drawn from subsidiary facts contained in affidavits and attached exhibits, reasonable inferences must be viewed in the light most favorable to the party opposing the motion.
| Welch., pp. 3-4, 665 So.2d at 699. Additionally, “a fact is material when its existence or nonexistence may be essential to the petitioner’s cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute.” Fox v. Heisler, 2003-1964, p. 6 (La.App. 4 Cir. 5/12/04), 874 So.2d 932, 936 (citing Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 751). Furthermore, La. C.C.P. art. 967(B) also states in pertinent part:
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, .but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not respond, summary judgment, if appropriate shall be rendered against him.
While the Appellants raise three (3) assignments of error on appeal, we find that the first two (2) assignments of error are in common, and will address them jointly. The Appellants argue that, in the matter sub judice, the district court erred in granting the Appellee’s motion for sum *1252 mary judgment. Finding support for this argument, and in light of the applicable statutes and case law, it appears that the motion for summary judgment granted by the district court should be reversed. The basis for the motion for summary judgment filed by the Appellee was that the Appellants failed to appear on the aforementioned scheduled date for the sale of the property; thus, they had defaulted on the terms of the compromise agreement. The Appellee presented to the court a memo and affidavits supporting its motion. In these supporting documents was the affidavit of Mr. Christopher Marino, stating the facts from the parties encounter on the morning of January 31, 2011, pertaining to the contract agreement. Mr. Mari-no is a representative of Marino Investments |7and a member manager of the company. The affidavit of Mr. Marino contained the Appellee’s requests and allegations which were made against the Appellants.
Upon the Appellee’s filing of the necessary documents to support their motion for summary judgment, the Appellants filed their answer and affidavits providing the district court with facts which were contrary to the Appellee’s affidavits provided. The Appellee sought to have the contract between the parties deemed null and void. Appellants argue that all the facts of record supported that the Appellants had complied with the contract terms since the decision to sell in 2005, and the compromise agreement in 2007.
A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). Simply put, in order for a motion for summary judgment to be granted, there must be no genuine issues of material facts. Id. Here, the parties presented competing affidavits, which acknowledged that on the morning of January 31, 2011, prior to the agreed upon time to meet and sign the contract at 1:30 p.m., the Appellee requested, and was granted another inspection of the Property by the Appellants. After the inspection, Mr. Marino made new allegations that “new environmental contamination” had been found, which was not previously present. The Appel-lee requested for the Appellants to either pay for the cleanup of this contamination or reduce the sale price of the Property. Upon receiving this information, the Appellants informed the Appellee of their intent to reject the requests by the Ap-pellee as the allegations were untrue and frivolous. The Appellants informed the Appellee of their decision to not complete the sale of the Property later that day lsuntil the Appellee’s allegations had been cured. Therefore, a material issue of fact precluding the granting of summary judgment was presented to the district court as to whether there was an agreement to execute a sale at 1:30 p.m. on January 31, 2011.
As previously reasoned by the district court in its judgment granting the Motion to Enforce Settlement Agreement filed by the Appellants, the purchase agreement provided for the Appellee to inspect and test the property for contaminants and defects within ninety (90) days of the agreement. Further in 2007, the oral compromise agreement provided for the Ap-pellee to conduct all inspections and the like of the Property within five (5) business days from December 28, 2007. However, the Appellee’s new allegations on January 31, 2011, concerning the faulty wiring and new found contaminations came long after the allotted time for inspections. The Ap-pellee sought numerous inspections, one as late as January 11, 2011, to which the *1253 Appellants complied with and cleaned up the Property as requested. One could reasonably conclude that the Appellee was making allegations to prevent the closure of the sale of the Property.
The Appellants failed to sign the contract since the Appellee sought to create a cost for the Appellants. The parties provided the court with affidavits which required the court to inquire as to whether the Appellants were justified in their failure to appear for the signing of the contract; and whether their failure was based on their assumption that, contingent upon the conversation with the Appellee, the Appellee was presenting them with a counter offer and new contract terms, which were not previously discussed and agreed upon. Here, the court granted a summary judgment based solely on contradicting affidavits. The statements contained in the 19affidavits provided genuine issues of material fact upon which reasonable persons could disagree.
The Appellants persuasively argue that the affidavits submitted to the district court contained information and issues of subjective facts of intent, knowledge, motive, and good faith, which needed to be resolved by the district court. Thus, as we opined in Coto v. J. Ray McDermott, 1999-1866 (La.App. 4 Cir. 10/25/00), 772 So.2d 828; Berger v. Fireman’s Fund Ins. Co., 305 So.2d 724, (La.App. 4 Cir.1974), summary judgment is rarely an appropriate determination based upon subjective facts such as intent, motive, malice, knowledge or good faith; therefore, summary judgment was not appropriate in this matter.
Here, the Appellee formed a new company and transferred all rights owned in the Property to this company, though both companies were owned and operated by the same individual and entity, Mr. Mari-no. The Appellee failed to obtain the consent of the Appellants in transferring the interest owned in the Property to the newly formed company. Further, the Appel-lee filed suit seeking a contract, which the Appellants had complied with for four (4) years, to be deemed null and void without justifiable reasons. Knowledge of the facts proves that the Appellants had complied with the terms of the compromise agreement since its inception. It is, in fact, the Appellee who has sought on numerous occasions to have the sale of the Property abandoned.
The Appellee claims that it was ready to proceed with the sale by previously transferring a portion of the sale amount to the bank account of the Appellants. However, this argument is flawed. The Appellee sought to cause the Appellants to incur more costs. The Appellee had, for four (4) years, failed to finalize the sale of the Property, and once again, was trying to sabotage the sale, which it succeeded in | mdoing. It is contradictory to find that the Appellants would not appear at the final signing of the sale agreement which they had sought to have enforced for over four (4) years. These assignments of error have merit.
In the third assignment of error raised by the Appellants, they argue that the district court erred in not disposing of their exceptions prior to moving forward with the motion for summary judgment. The Appellee waited until the morning of the signing of the final sale of the Property to request another inspection of the Property; though the Appellee had two (2) weeks prior to, requested a cleanup of the Property to which the Appellants complied with immediately. Upon their inspection, the Appellee made allegations, which the Appellants failed to accept. Shortly thereafter, rather than filing suit to seek a declaratory judgment, the Appellee formed a new company and transferred all their property rights to the new company, though both companies were owned and *1254 operated by the same individual, Mr. Mari-no. Thereafter, they filed suit seeking the nullity of the agreement between the parties which was allotted to Division “G” of the district court in case # 2011-2068, though there is a pending case pertaining to this matter in Division “C” in case # 2005-8989, of the same court.
The district court erred by not disposing of the pending exceptions of Lis Pendens and Res Judicata prior to granting the motion for summary judgment. The Appellants argue that in addition to filing an answer to the motion for summary judgment filed by the Appellee, they filed numerous exceptions, to which the hearing date was scheduled for June 3, 2011. The district court also had the hearing for the motion for summary judgment scheduled for May 20, 2011. The Appellants’ exception of Lis Pendens and Res Judicata asserted that there are two (2) suits pending in the district court pertaining to the same matter and amongst the |nsame parties. The exceptions stated that two (2) lawsuits were pending in the district court arising out of the same occurrence: 1) Marino Investments, LLC v. Jennie Lee Higginbotham wife of/and Wilson Johnson, bearing docket number 2005-8989, and 2) 8701 Oak Street, LLC, v. Jennie Lee Higginbotham wife of/and Wilson Johnson, bearing docket number 2011-2068. Both lawsuits arise out of the same transaction and occurrence-that being the purchase of 8701 Oak Street. The parties in both proceedings and the obligations involved are exactly the same. The act of the Appellee changing its name from Mari-no Investments, LLC to 8701 Oak Street, LLC, does not in any way change the identity of the parties or alleviate the obligations and responsibilities of all the parties involved.
La. C.C.P. art. 531, entitled Suits pending in Louisiana court or courts, provides in pertinent part, “[w]hen two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925.” Additionally, we have opined that:
[t]he test for deciding whether an Exception of Lis Pendens should be granted is to inquire whether a final judgment in the first suit would be res judicata in the subsequently filed suit. The Exception of Lis Pendens has the same requirements as the Exception of Res Ju-dicata, and is properly granted when the suits involve the same transaction or occurrence between the same parties in the same capacities.
The first requirement for granting an Exception of Lis Pendens is that there are two or more suits pending. (Citations omitted).
Glass v. Alton Ochsner Med. Found., 2002-0412, p. 4 (La.App. 4 Cir. 11/6/02), 832 So.2d 403, 406-07, writ denied sub nom., Glass v. Alton Ochsner Med. Found. (Ochsner Found. Hosp.), 2002-2977 (La.3/14/03), 839 So.2d 36 and writ denied 112sub nom., Glass v. Alton Ochsner Med. Found. (Ochsner Found. Hosp.), 2002-3018 (La.3/14/03), 839 So.2d 37.
The record indicates that the issues regarding the sale of the Property, including the purchase agreement, and both Motions to Enforce Settlement, have been litigated in Division “C”. Thus, Division “C” of the district court has all the working knowledge surrounding this instant matter, and therefore, case # 2011-2068 should have been consolidated with case # 2005-8989 in Division “C” of the district court.
Here, though the exceptions filed by the Appellants asserted that all of the previous litigation and pending litigation pertaining to the sale of the Property are in Division C of the district court, the district court *1255 without hearing the exceptions, ruled on the Appellee’s motion for summary judgment.
However, all the litigation relating to the sale of the Property occurred in Division “C”. There are numerous motions which were granted in the previous litigation (which the parties have yet to comply with). Further, though the Appellee, formerly known as Marino Investments, LLC, formed a new company, 8701 Oak Street, LLC, and transferred all property rights owned under Marino Investments to 8701 Oak Street, both companies are owned and operated by Mr. Marino. Also, the suit is against the Appellants, who are the same named defendants in the previous and pending litigation in Division “C” against the Appellee. Finally, the motion for summary judgment granted in the present matter would be res judicata in the subsequently filed suit in Division “C” of the district court.
La. R.S. 13:4281, entitled Res Judicata, provides in pertinent part:
| lsExcept as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
As previously mentioned, a lawsuit was filed between the same parties in Division “C”. The initial lawsuit pertained to the Appellee seeking specific performance under the terms of the compromise agreement signed by the parties in 2005. Additionally, the district court granted a Motion to Enforce Settlement Agreement dated October 8, 2010, which became a final judgment when the Appellee failed to seek an appeal in this Court on the judgment. Thus, the Appellee’s present suit in Division “G”, which seeks to nullify the same purchase agreement and compromise agreement as litigated and ruled on in the judgment dated October 8, 2010, may be barred under res judica-ta.
Thus, considering the record in this Court and the Appellants’ opposition to the motion for summary judgment and exceptions filed, we conclude that genuine issues of material facts exist. Furthermore, the district court erred in not hearing the Exceptions of Lis Pendens and Res Judicata prior to conducting a hearing on the Ap-pellee’s motion for summary judgment. At best, the instant matter should have been transferred to Division “C” of the Civil District Court of Orleans Parish. The failure of the district court to do so amounted to an error in law. Therefore, the | ^judgment of the district court is reversed and this matter is remanded for further proceedings consistent with our opinion herein.

DECREE

For the foregoing reasons, the granting of the motion for summary judgment by the district court is reversed.
REVERSED

. This appeal involves only one Appellee, 8701 Oak Street LLC. The owners of Marino Investments, LLC transferred all the property rights which were owned in this LLC to 8701 Oak Street, LLC. Thus, this appeal involves one Appellee with different business names.