Judge ROLAND L. BELSOME.
liThe defendants, Lawrence and Luann Landry, appeal the trial court’s judgment denying their motion to keep a walkway. We convert the appeal to an application for supervisory writs and deny the writ.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

Since 1882, the Alabama Great Southern Railroad has utilized a right-of-way near the railroad track it built on the south shore of Lake Ponchartrain. In particular, the deed provides that the right-of-way is “one hundred feet from the center of the road bed on either side of the road to be constructed by said Company.”[1] In 2002, the Landrys purchased property in the Little Woods area, which abuts the right-of-way belonging to the Railroad. The deed conveying the property noted that it was subject to the right-of-way in favor of the Railroad.
Originally, the property contained a camp that stood over the waters of Lake Ponchartrain; however, in 2009, they constructed a new camp, which was located |aon land. After the new camp was constructed, the Railroad filed a petition for injunctive relief against the Landrys. It alleged that they placed trailers, equipment, and other items on the property, violating the Railroad’s right-of-way. It further alleged that the defendants constructed a walkway which was partially within the right-of-way.
After a hearing, the trial court granted the Railroad’s motion for a preliminary injunction. The court ordered the Lan-drys to remove the items infringing upon the right-of-way, including the walkway, within fourteen days. They were also ordered to refrain from any further interference with the Railroad’s right-of-way. When the Landrys failed to comply with the court’s order, the court granted the *954 Railroad’s motion for contempt. However, it withheld granting damages or other relief until August 13, 2012, at which time the Landrys were ordered to be in compliance with the preliminary injunction order.
On August 13, 2012, the Landrys filed a motion to keep their walkway, arguing that it had been in existence for almost one hundred years, and that removing the walkway would cause hardship on the elderly or disabled visiting their camp. After a hearing, the trial court denied the Landrys’ motion and ordered them to remove the walkway within thirty days. This appeal followed.

DISCUSSION

As a preliminary matter, we note that the trial court’s denial of Landrys motion to keep the walkway is an interlocutory judgment. See La. C.C.P. art. 1841 (a judgment that does not determine the merits but only preliminary matters in the | ^course of the action is an interlocutory judgment). An interlocutory judgment is appealable only when expressly provided by law. La. C.C.P. art. 2083. The judgment denying the motion to keep walkway is an interlocutory judgment that is not expressly appealable by law. The proper procedural vehicle to seek review of an interlocutory judgment that is not immediately appealable is an application for supervisory writ. See La. C.C.P. art. 2201; see also Gieck v. Tenet Healthcare Corp., 07-1597 (La.App. 4 Cir. 1/23/08), 976 So.2d 767. La. Const. art. V, § 10(A) provides that a court of appeal has “supervisory jurisdiction over cases which arise within its circuit.” First National Bank of Picayune v. Pearl River Fabricators, Inc., 06-2195, p. 11 (La.11/16/07), 971 So.2d 302, 310.
Accordingly, in the interest of justice, and especially considering that this appeal was filed within the delays allowed for applying for supervisory writs, see Rule 4-3, Uniform Rules-Courts of Appeal, we convert the pending appeal to a writ application for review under our supervisory jurisdiction. See Kurz v. Milano, 2008-1090 (La.App. 4 Cir. 2/18/09), 6 So.3d 916; Lalla v. Calamar, N.V., 08-952 (La.App. 4 Cir. 2/11/09), 5 So.3d 927; Garnier v. Inglewood Homes, Inc., 06-642 (La.App. 4 Cir. 11/08/06), 944 So.2d 753.
After considering the record in the instant case, we find no error in the trial court’s ruling. The Landrys’ writ application is therefore denied.
WRIT DENIED
BONIN, J., concurs with reasons.

. For a small tract of properties, there is an exception in the deed that provides only a forty-foot right-of-way on the lake side. In his deposition that was admitted into evidence, Solomon Woodward, a real-estate engineer, testified that the Landrys’ camp was not among the properties with the forty-foot right-of-way. Conversely, Mr. Landry testified that it was common knowledge that the Railroad possessed a forty-foot right-of-way on either side of the tract.