JAMES F. McKAY III, Chief Judge.
11 Peterson M. Yokum is the owner of a piece of immovable property located at 723 Toulouse Street in New Orleans’ French Quarter. Mr. Yokum and Polly Anderson reside there for part of the year. Pat O’Brien’s is a well-known French Quarter attraction located at 718 St. Peter Street and 627 Bourbon Street. Pat O’Brien’s and the Yokum residence are both located in the area of the French Quarter zoned as “Vieux Carré Commercial-2” (VCC-2). According to New Orleans’ Code of Ordinances [t]he purpose of the district is to permit more intensive commercial .uses than in the VCC-1 District, yet protect the historic character of the “Vieux Carré.” City of New Orleans Comprehensive Zoning District, Art. 8, § 8.5.1.
On November 4,- 2004, Mr. Yokum and Ms. Anderson filed -suit against Pat O’Brien’s Bar Inc., seeking damages, in-junctive relief, and a declaratory judgment as a result of Pat''O’Brien’s alleged violations of the City of New Orleans Noise Ordinance, Sections 66-136, et seq., as well as alleged violations of La.: R.S. 26:90(A)(14)(a) and La. R.S. 26:286(A)(14)(a). On November 29, 2011, the trial court granted the plaintiffs? application for a preliminary injunction and enjoined the |2defendahts from violating applicable sections of New Orleans? Code of Ordinances, Sections 66-136, et seq. This Court affirmed the issuance of the preliminary injunction, noting that the injunction requires “that the bar simply not violate the law during the pendency of the lawsuit.” [1]
On February 12, 2015, the plaintiffs filed a motion to amend preliminary injunction. This motion sought to amend the existing injunctive relief to include the portion of the City’s noise ordinance enacted in 2012 that prohibited the use of outdoor loudspeakers and to include Pat O’s Inc.[2] as a defendant. On June 11, 2015, the plaintiffs filed á supplemental motion to amend *354 preliminary injunction, attaching additional evidence and affidavits; The trial court heard oral argument on the plaintiffs’ motion on June 26, 2015 and orally denied the motion that same day.[3] Thereafter, the plaintiffs fíled a notice of appeal which was granted on July 10, 2015.
Although a judgment granting or denying a preliminary injunction is an interlocutory-judgment, “[a]n appeal may be taken as a matter of right from an order or judgment relating to a preliminary or ■final injunction_” La. C;C.P. art. 3612 B; see Smith v. Brumfield, 2013-1171, p. 5-6 (La.App. 4 Cir.1/15/14), 133 So.3d 70, 74-75; see also Elysian Fields Church of Christ v. Dillon, 2008-0989, p. 6 (La.App. 4 Cir. 3/18/09), 7 So.3d 1227, 1231. However, “‘[a] final appealable judgment must contain decretal language, and it must name the party in favor of | awhom the ruling is ordered, the party, against whom the ruling is ordered,-and the relief that is granted or denied.’ ” Palumbo v. Shapiro, 2011-0769, p. 5 (La.App. 4 Cir. 12/14/11), 81 So.3d 923, 927, quoting Input/Output Marine Sys., Inc. v. Wilson Greatbatch, Tech., Inc., 2010-477, p. 13 (La.App. 5 Cir. 10/29/10), 52 So.3d 909, 916. “The specific relief granted should be determinable from the judgment without reference to an extrinsic source such as pleadings or reasons for judgment.” Id. at 13; 52 So.3d at 916. In the instant case, however, the judgment lacked .the requisite decretal language by which it could be deemed a final appeal-able judgment. La. C.C.P. arts.1918 and 1915 B; Delta Staff Leasing, LLC v. South Coast Solar, LLC, 2014-1328 (La.App. 4 Cir. 9/23/15), 176 So.3d 668. Accordingly, this appeal is dismissed without .prejudice as the court lacks jurisdiction to consider this appeal on the merits.
DECREE
We dismiss the instant appeal without prejudice.
APPEAL DISMISSED WITHOUT PREJUDICE

. Yokum v. Pat O’Brien’s Bar, Inc., 2012-0217 (La.App. 4 Cir.8/15/12), 99 So.3d 74.

. Pat O’s Inc. is another Pat O’Brien’s business entity that owns and/or operates a por- - tion of the business premises located at 6¾7 Bourbon Street and 718 St. Peter Street.

. A written'judgmént was issued on July 13, 2015,