Judge Tiffany G. Chase
Sewerage and Water Board of New Orleans (hereinafter "the Board"), seeks review of the trial court's April 17, 2018 judgment denying its motion to transfer and consolidate, exceptions of res judicata, no right of action and no cause of action, as well as the granting in part of the temporary restraining order and preliminary injunction[1] . For the reasons that follow, we dismiss the appeal and remand for further proceedings consistent with this opinion.
Facts and Procedural History
Following the October 23, 2017 flood, the Board issued a request for proposals to *632 obtain Contract Staff Augmentation and Support Services from a qualified consultant. Six employees of the Board filed a petition, seeking a temporary restraining order, preliminary and permanent injunction, alleging that their jobs were in jeopardy if the request for proposal was allowed to continue. In response, the Board filed exceptions of no right of action, insufficiency of service of process, vagueness and/or ambiguity and lack of subject matter jurisdiction. The matter was allotted to the Honorable Sidney Cates, IV and heard on November 21, 2017. The trial court denied the request for preliminary injunction and granted the exceptions filed by the Board.
The Board reissued the request for proposal seeking to fill the same positions, in the form of a request for qualifications, because it only received one response from the initial request. Following the reissuance of the request, three employees of the Board, namely, Mubashir Maqubool, Daniel Eglin, II and David P. Lockett (hereinafter "the petitioners"), filed a temporary restraining order and preliminary injunction seeking an order preventing the Board from accepting bids or awarding contracts under the request for qualifications. This matter was allotted to the Honorable Kern Reese. By judgment dated April 17, 2018, the trial court denied the request for a temporary restraining order and set the preliminary injunction for hearing by affidavit only. The Board filed a motion to transfer and consolidate, exceptions of res judicata, no right of action, no cause of action, vagueness and/or ambiguity and lack of subject matter jurisdiction. The trial court denied the motion to transfer and consolidate, denied the exceptions and granted in part and denied in part the verified petition for a temporary restraining order and preliminary injunction. The Board timely appealed.
On October 17, 2018, this Court issued an order directing the trial court to clarify the April 17, 2018 judgment, within seven days, to include the proper decretal language and the Clerk of Civil District Court to supplement the record with the clarified judgment. On November 6, 2018, the date of oral argument, this Court received a copy of the October 23, 2018 "amended judgment" from counsel for the Board.
Discussion
A portion of the judgment for which the Board seeks review is the partial grant of the preliminary injunction. It is well settled that a judgment which grants or denies a preliminary injunction is an interlocutory judgment. Yokum v. Pat O'Briens Bar, Inc. , 2015-0946, p. 2 (La.App. 4 Cir. 3/2/16), 190 So.3d 352, 354. Review of an interlocutory judgment is properly sought through an application for supervisory writ when the judgment is not immediately appealable. Alabama Great S. R. Co. v. Landry , 2013-0183, p. 3 (La.App. 4 Cir. 7/31/13), 120 So.3d 952, 954. However, an appeal can be taken from an order or judgment relating to a preliminary or final injunction as a matter of right. Yokum , 2015-0946, 190 So.3d at 354. Therefore, we find the trial court's ruling on the preliminary injunction an appealable judgment.
The Board also seeks review of the trial court's denial of its motion to transfer and consolidate, exceptions of res judicata, no right of action and no cause of action. This ruling constitutes an interlocutory judgment because it does not determine the merits of the case but only preliminary matters. See La. C.C.P. art. 1841. Although the partial grant of the preliminary injunction is the only appealable portion of the judgment in this matter, the appellant is entitled to have this Court review the interlocutory portions of the judgment. "An appellant is entitled to seek *633 review of all adverse interlocutory judgments prejudicial to them, in addition to the review of the final judgment when an unrestricted appeal is taken." Orleans Par. Sch. Bd. v. Lexington Ins. Co. , 2011-1720, p. 10 (La.App. 4 Cir. 8/22/12), 99 So.3d 723, 729. As this appeal relates to the trial court's partial issuance of injunctive relief, we may consider the interlocutory portions of the judgment because it directly relates to the trial court's ruling on injunctive relief. As such, this Court may review the entire judgment.
However, an appellate court has an independent duty to consider whether it has subject matter jurisdiction over the matter, even when the issue is not raised by litigants. See Urquhart v. Spencer , 2015-1354, p. 3 (La.App. 4 Cir. 12/1/16), 204 So.3d 1074, 1077 (quoting Moon v. City of New Orleans , 2015-1092, 2015-1093, p. 5 (La.App. 4 Cir. 3/16/16), 190 So.3d 422, 425 ). A final, appealable judgment must contain the proper decretal language. The judgment must name the party against whom and the party in favor of whom the ruling is ordered, as well as the relief denied or granted. Id. (quoting Bd. of Supervisors of Louisiana State Univ. v. Mid City Holdings, L.L.C. , 2014-0506, p. 3 (La.App. 4 Cir. 10/15/14, 151 So.3d 908, 910 ).
The April 17, 2018 judgment does not name the party in favor of whom and the party against whom the ruling regarding the preliminary injunction is ordered. Additionally, the October 23, 2018 "amended judgment" incorrectly identifies the party who filed the temporary restraining order and preliminary injunction. Therefore, the jurisdiction of this Court has not been properly invoked as neither judgment is properly appealable.
Conclusion
The April 17, 2018 judgment lacks the proper decretal language as it does not name the party in favor of whom and the party against whom the ruling regarding the preliminary injunction is ordered. The October 23, 2018 "amended judgment" incorrectly identifies the party who filed the temporary restraining order and preliminary injunction. In the absence of the proper decretal language, the judgment is not a final appealable judgment and this Court lacks jurisdiction to consider the merits of the appeal. As such, the matter is remanded for the trial court to render a final appealable judgment with the proper decretal language and correctly identify the party who filed the temporary restraining order and preliminary injunction. Accordingly, this appeal is dismissed and remanded for further proceedings consistent with this opinion. Once a valid final judgment is rendered, a new appeal may be filed with this Court.
APPEAL DISMISSED; REMANDED

The judgment also denied the Board's exceptions of vagueness and ambiguity and lack of subject matter jurisdiction. However, the Board does not assign errors to that portion of the judgment and does not brief those issues. Issues not briefed are considered abandoned. See State v. Foy, 439 So.2d 433 (La.1983) ; Bell v. Dep't of Police , 2013-1529 (La.App. 4 Cir. 5/21/14), 141 So.3d 871.