Judge Regina Bartholomew-Woods
Defendant-Appellant, Sewerage & Water Board of New Orleans ("Appellant"), appeals the trial court's rulings denying its Motion to Transfer and Exceptions of Res Judicata, No Right of Action, No Cause of Action, Vagueness and/or Ambiguity, and Lack of Subject Matter Jurisdiction, and *338 granting, in part, Plaintiffs-Appellees', Mubashir Maqbool, Daniel Eaglin II, and David P. Lockett (collectively "Appellees"), Request for Preliminary Injunction. For the reasons that follow, we reverse the judgment denying the motion to transfer, vacate the remainder of the judgment, and remand with instructions.
FACTUAL AND PROCEDURAL BACKGROUND
In response to the severe flooding that occurred in October 2017, Appellant issued a Request for Proposals ("RFP") to procure Staff Augmentation and Support Services from a qualified consultant experienced in technical assistance and staff augmentation for water, sewer, and drainage utilities. The RFP sought to fill a total of sixteen (16) positions.
In response to this RFP, six (6) plaintiffs (all either current or former employees), including Appellees, filed a Petition for Temporary Restraining Order ("TRO") and Preliminary and Permanent Injunctive Relief alleging that they would lose their jobs, as well as civil service protections, if the RFP was allowed to move forward. Appellant filed exceptions, and the matter was set for a hearing before Division "C" of the Orleans Parish Civil District Court. Division "C" denied Plaintiffs' Motion for Preliminary Injunctions and granted Appellant's exceptions. Thereafter, Appellant re-issued the RFP as a Request for Qualifications ("RFQ"). The RFQ sought to fill the same positions as the RFP. Thereafter, Appellees filed a subsequent Petition for TRO and Preliminary Injunction, seeking similar relief sought in the initial matter allotted to Division "C."
However, the subsequent Petition for TRO and Preliminary Injunction was allotted to Division "I." On April 10, 2018, Division "I" denied Appellant's Motion to Transfer and Exceptions of Res Judicata, No Right of Action, No Cause of Action, Vagueness and/or Ambiguity, and Lack of Subject Matter Jurisdiction, and granted, in part, Appellees' Request for Preliminary Injunction.[1] Appellant's motion to transfer was denied for the following reasons: (1) the parties have changed because the initial action was filed against interim executives, who are either no longer in those positions or no longer employed by Appellant; (2) the issue in the instant matter relates to an RFQ issued by Appellant which presents a different consideration; and (3) Appellees are seeking different relief than the relief sought in the first action. This judgment is the subject of this appeal.
DISCUSSION
Appellant asserts that Division "I" erred in denying its Motion to Transfer and Exceptions of Res Judicata, No Right of Action, *339 No Cause of Action, Vagueness and/or Ambiguity, and Lack of Subject Matter Jurisdiction, and granting, in part, Appellees' Preliminary Injunction.
Motion to Transfer
Standard of Review
Appellant's motion to transfer, presents a question of law, which is reviewed de novo by appellate courts "without deference to the legal conclusions of the courts below." First Bank and Trust v. Simmons , 2014-1210, p. 14 (La. App. 4 Cir. 4/22/15), 165 So.3d 1025, 1034 (quoting Durio v. Horace Mann Ins. Co. , 2011-0084, p. 14 (La. 10/25/11), 74 So.3d 1159, 1168 ). "The standard of review for an appellate court addressing a question law is simply whether the trial court's interpretive decision was legally correct." Id., 2014-1210, pp.14-15, 165 So.3d at 1034 (citing 727 Toulouse, L.L.C. v. Bistro at the Maison De Ville, L.L.C. , 2012-1014, pp.7-8 (La. App. 4 Cir. 8/21/13), 122 So.3d 1152, 1157-58, writ denied , 2013-2414 (La. 1/10/14), 130 So.3d 327 ); Olavarrieta v. St. Pierre , 2004-1566, p. 3 (La. App 4 Cir. 5/11/05), 902 So.2d 566, 568 ).
Analysis
Appellant argues that Division "I" erred by not transferring the instant matter to Division "C" pursuant to Rule 9.3 of the Local Rules for the Civil District Court for the Parish of Orleans ("CDC Rule 9.3").
CDC Rule 9.3, provides, in pertinent part, that:
Section 4. To achieve continuity of case management, and to avoid the appearance of forum shopping, it is the policy of the court that subsequent but related cases should be transferred to the division to which the original case was allotted, whether or not such earlier case is still pending. It shall be the duty of any attorney in such cases to call to the court's attention the existence of such earlier case. The following are examples of cases which ought to be transferred to the original division:
1. Subsequent cases between the same or related parties arising from the same incident or transaction including subsequently filed claims for contribution, indemnity, attorney fees, or penalties.
***
3. Cases asserting the same claim, refiled after dismissal without prejudice either voluntarily or involuntarily.
4. Cases growing out of earlier cases, such as suits to enjoin executory process, to annul a judgment, suits claiming damage caused by the earlier proceeding (wrongful eviction, malicious prosecution, abuse of process, etc.).
(Emphasis added.)
In this instant matter, a transfer to Division "C," the division that adjudicated the initial action, was proper. The defendants and plaintiffs in both actions are the same parties. Further, Appellees' claims do not give rise to "different" relief; in both the initial and subsequent filings, Appellees asserted irreparable harm as a result of the RFP. Moreover, the RFQ seeks to fill the same positions as the RFP Thus, the RFQ does not present a different consideration. Under these circumstances, we find that the trial court erred in denying the motion to transfer, and reverse this ruling.
As a result, we vacate the remainder of the trial court's judgment and remand this matter to the trial court to be transferred to Division "C." Considering our ruling, we pretermit discussion of all other assignments of error, as it is rendered moot by our discussion of the transfer issue.
CONCLUSION
For the aforementioned reasons, we reverse the trial court's denial of Appellant's *340 motion to transfer, vacate the remainder of the judgment, and remand this matter to the trial court to be transferred to Division "C" for further proceedings.
JUDGMENT DENYING MOTION TO TRANSFER REVERSED; JUDGMENT VACATED; AND REMANDED

Appellant initially filed an appeal with this Court, which dismissed the appeal and remanded the matter with instructions to render a final appealable judgment with proper decretal language. In the appeal, the April 17, 2018 judgment rendered by the trial court lacked proper decretal language, and the October 23, 2018 amended judgment incorrectly identified the party who filed the temporary restraining order and preliminary injunction. Accordingly, this Court remanded the matter with instructions for the trial court to render a final appealable judgment with the proper decretal language and to correctly identify the party who filed the temporary restraining order and preliminary injunction. Maqubool v. Sewerage and Water Board of New Orleans , 2018-0572 (La. App. 4 Cir. 11/14/18), 259 So.3d 630.
Accordingly, on November 20, 2018, Judge Reese issued a written judgment with the proper decretal language denying Appellant's Motion to Transfer and Exceptions of Res Judicata, No Right of Action, No Cause of Action, Vagueness and/or Ambiguity, and Lack of Subject Matter Jurisdiction, and granted, in part, Appellees' motion for Preliminary Injunction.