CURRAULT, Judge.
This appeal originates in the Twenty-Fourth Judicial District Court, Division “K”, Parish of Jefferson, wherein the Honorable Alvin R. Eason rendered judgment denying plaintiff’s petition for partition by • licitation. We reverse.
Joseph S. Vuskovich is the owner of an undivided one-half interest in Lot C-7, Section “C”, Oakdale Subdivision, Gretna, Louisiana. Joseph Vuskovich formerly owned this particular piece of property in common with his brother, Vincent M. Vuskovich, who died May 13, 1977. In accordance with his last will and testament, decedent’s undivided one-half interest in Lot C-7 was initially granted to Gerardine Vuskovich Thorne and Joseph Vuskovich as co-trustees in trust for decedent’s son, Vincent M. Vuskovich, Jr. Joseph Vuskovich subsequently renounced his designation as trustee by an Act of Renunciation dated October 19, 1982.
Joseph Vuskovich and the succession of Vincent M. Vuskovich, as co-owners, were unable to agree upon a non-judicial partitioning of Lot C-7. As this piece of property is, for all practical purposes, not readily susceptible to being partitioned in kind, Joseph Vuskovich filed suit against Gerardine V. Thorne, Executrix of the Succession of Vincent M. Vuskovich, seeking a partition by licitation.
A trial on the merits was conducted November 30, 1983 and judgment rendered December 2, 1983 in favor of defendant. The trial judge, in his written reasons, relied upon LSA-C.C. art. 1303 due to the odd configurations of the lots involved and the joint building tie-ins of the buildings situated on these lots. Plaintiff appeals asserting the following specifications of error:
that (1) the court erred in that plaintiff’s request for an immediate partition was denied; that
(2) the court erred in finding a “common usage” existed between Lot C-7 and C-8; that
(4) the court erred in considering any evidence whatsoever pertaining to the appraised value of Lot C-7; and that
(5) the court erred in its reliance upon the use and valuation of other parcels of property, specifically Lots C-8 and C-9.
It is amply clear from a reading of the transcript [pp. 92-93] that the sole basis for denying plaintiff’s petition for partition was a finding by the trial judge of “common usage” between Lots C-7 and C-8:
THE COURT:
Gentlemen, let me say, I have a problem with this matter because we have the apparent common use of certain property between C-7 and C-8 and described by Mr. Eason, accordingly I am not going to grant the partition under Provisions of Article 1303 of the Louisiana Civil Code. It is very clear that we have a common use that falls right into the very essence of that particular Article, and I searched for an answer to find if there had been some jurisprudence in that particular area. This is a clear case, where the use of C-7 and C-8 are right together and for that reason, at this time, I’m going to deny the partition. MR. BUTLER:
Your Honor, when you say C-8, you mean C-9?
THE COURT:
No, I mean C-8 not C-9. There is a common use there between C-7 and C-8 and creates a problem, Article 1303 of the Civil Code is applicable in my opinion and I deny the partition.
This “common usage” finding is further reflected by the trial judge in his written reasons:
Due to the fact that the odd configuration of the lots, and the joint building tie-ins, the Court relies on Article 1303 of *621 the La.Civil Code to deny the petition order of the plaintiff.
LSA-C.C. art. 1303 is as follows:
Partition prohibited where common ownership indispensable
There can be no partition, when the use of the thing held in common is indispensable to the coheirs, to enable them to enjoy, or to derive an advantage from the portion of the effects of the succession falling to them, such as an entry which serves as a passage to several houses, or a way common to several estates, and other things of the same kind.
We interpret this article to be applicable only as to coheirs who have common ownership over a thing the use of which is indispensable to them. Civil Code Article 1303 can in no way be interpreted to act as a prohibition to the right to partition property held by persons in common as contemplated by LSA-C.C. arts. 1289[1] and 1308[2] when those persons are not coheirs and owners in common.
From the record, it is clear that Vincent M. Vuskovich and Joseph Vusko-vich purchased Lot C-7 by act of sale dated February 28, 1974 from Flying V Ranch, Inc. Vincent and Joseph were simply persons holding property in common and did not derive their common ownership as heirs. To state it another way, they were not coheir owners in common. Article 1303 is therefore inapplicable in this case.
As to partitions, partition in kind is favored over partition by licitation unless the property is indivisible by nature or cannot be conveniently divided. LSA-C.C. art. 1339; LSA-C.C.P. art. 4606. Property cannot be conveniently divided when a diminution of its value, or loss or inconvenience of one of the owners, would be the consequence of dividing it. LSA-C.C. art. 1340. The burden of proof is upon the party seeking partition by licitation that the property is not susceptible of division in kind. McCullough v. Hart, 424 So.2d 531 (La.App. 5th Cir.1982).
In the matter sub judice, all parties including the real estate appraiser, Mr. Angus Eason, agree that Lot C-7 is not susceptible to “in kind” division. We agree that a partition in kind of Lot C-7 is not possible as per LSA-C.C. Article 1339 and find that a partition by licitation must be ordered. LSA-C.C. arts. 1289 and 1308.
We do recognize however the precarious position defendant is in as a result of appellant’s acquisition of the property surrounding Lot C-7 which, as the trial court stated, places a virtual strangle hold on the defendant. Appellant would, in all probability, be the only interested bidder and could buy out Lot C-7 at what was described as almost a “loss” value.
The trial court has the discretion to direct the manner and conditions of effecting a partition so that it will be most advantageous and convenient to the parties. LSA-C.C.P. art. 4605; LSA-C.C. art. 1336; Blanchard v. Fontana, 434 So.2d 1150 (La.App. 1st Cir.1983). Included in this discretion is the right to set a minimum bid which the property must bring at judicial sale. Tuttle v. Tuttle, 462 So.2d 175 (La.1985).
Appellees have shown that if Lot C-7 were sold at public sale there would be insufficient competitive bidding which would protect the parties and that there is an inequality in the bidding power of the parties. We hereby direct the trial court to set a minimum price that the property must bring at public sale.
Accordingly, for the foregoing reasons, judgment denying partition is reversed and *622 the matter remanded so that the trial judge can set a minimum price for Lot C-7 before ordering apartition by licitation. Costs of this appeal are to be shared equally by all parties.
REVERSED AND REMANDED.

. LSA-C.C. art. 1289: Basis of right to demand partition.
No one can be compelled to hold property with another, unless the contrary has been agreed upon; anyone has a right to demand the division of a thing held in common, by the action of partition.

. LSA-C.C. art. 1308: Partition between owners in common
The action of partition will not only lie between co-heirs and co-legatees, but * between all persons who hold property in common, from whatever cause they may hold in common. * English translation of French text incomplete; should include “also.”