**COREY DAVID TREAS**

**VERSUS**

**CHANTAL ELIZABETH KOERNER**

* NO. 2019-CA-0390

* 

* COURT OF APPEAL

* FOURTH CIRCUIT

* 

* STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2017-00714, DIVISION "D"
Honorable Nakisha Ervin-Knott, JUDGE
* * * * * *
**Judge Dale N. Atkins**
* * * * * *
(Court composed of Judge Terri F. Love, Judge Rosemary Ledet, Judge Dale N. Atkins)

Stephen M. Petit, Jr.
ATTORNEY AT LAW
1939 Hickory Avenue, Suite 208
Harahan, LA 70123

    COUNSEL FOR PLAINTIFF/APPELLEE


Louis R. Koerner, Jr.
KOERNER LAW FIRM
1204 Jackson Avenue
New Orleans, LA 70130-5130

    COUNSEL FOR DEFENDANT/APPELLANT

**REVERSED IN PART;
AFFIRMED IN PART; AND REMANDED**

**NOVEMBER 13, 2019**

This appeal involves the partition of property, whose municipal address is 120 Alden Place, New Orleans, Louisiana 70119 ("the property"), co-owned by Chantal Elizabeth Koerner, ("Koerner") and her former boyfriend, Corey David Treas ("Treas"). Koerner appeals the trial court's judgment of December 14, 2018 ("December 2018 judgment"), denying her "Motion for Judgment on the Pleadings for Partition by Licitation…through Public Sale," (the "Motion"), granting Treas' Motion for Reconsideration of Private Sale, finding Koerner in contempt, ordering her to vacate the property by noon on December 17, 2018, and assessing a fine for each additional day she remained at the property and failed to comply with the order.

For the reasons that follow, we reverse in part the trial court's December 2018 judgment, denying the Motion and granting of Treas' Motion for Reconsideration of Private Sale. We affirm in part the trial court's December 2018 judgment, granting Treas' Rule for Contempt and finding Koerner in constructive contempt of court. We remand for further proceedings.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Koerner and Treas were involved in a romantic relationship. On June 8, 2016, during the course of their relationship, Treas purchased the property, through the Veterans Administration ("VA"), in his name only, due to the couple's marital status and Treas' ability to qualify for VA guaranteed financing, for one-hundred percent (100%) of the purchase price. The property was secured by a mortgage through Pacific Union Financial. On June 14, 2016, Treas executed a quitclaim deed in favor of Koerner for "fifty-percent (50%) interest" in the property.[1]

Upon dissolution of the relationship, Treas left the property in January 2017.[2] On January 24, 2017, Treas filed a Petition for Partition by Licitation requesting partition of the property co-owned with Koerner and to "buy-out" Koerner's interest or, in the alternative, partition by licitation or by private sale. Treas also requested exclusive use of the property pending the resolution of the matter. In response, Koerner filed a domestic pleading alleging physical and emotional abuse by Treas.[3] Koerner also answered the petition for partition and filed a reconventional demand, alleging several claims including claims for damages and claims pursuant to the Louisiana Unfair Trade Practice and Consumer Protection Act ("LUPTA").

Koerner filed, on April 25, 2017, an Amended Answer and Reconventional Demand asserting an affirmative defense alleging abuse by Treas and asserting the right to revoke a donation of movables to Treas on the grounds of ingratitude. In

---

[1] The parties do not dispute that Koerner is not a signatory on the mortgage.

[2] Treas' reason for leaving the property is disputed in this matter. Treas argues he voluntarily left the property. However, Koerner argues that Treas abandoned the property.

[3] Koerner's allegations of abuse are not at issue in this appeal.

response, Treas filed exceptions of improper cumulation and no right of action. On June 30, 2017, the trial court denied Treas' exception of improper cumulation, but granted his exception of no right of action and ordered Koerner to amend her claims.

Subsequently, on November 8, 2017, Koerner filed a Motion for Partial Summary Judgment based on Treas' failure to respond to her requests for admission. Treas filed, on November 30, 2017, an opposition to Koerner's Motion for Partial Summary Judgment, reasserted his exceptions of no right of action and no cause of action, and filed a Motion for Bifurcation, for Authority to Place Immovable Property for Sale, for Additional Time to Answer Discovery and for Status Conference.

On January 11, 2018, Koerner filed Amended Affirmative Defenses, Amended Reconventional Demand, and Request for Stay for Partition *Pendite Lite* and Opposition to Treas' Motion for Bifurcation and for Authority to Place Immovable Property for Sale Subject to Partition. Further, Koerner filed, on April 20, 2018, a Motion to Strike Treas' Opposition to her Motion for Partial Summary Judgment. Koerner also filed a Motion to Strike or Seal a Portion of Treas' Supplemental Memorandum.

All of these various motions and exceptions came for hearing before the trial court on June 29, 2018. On the same date, the trial court rendered its ruling. As to this appeal, the relevant part of the trial court's oral ruling is granting Treas' Rule Why the Immovable Property Should Not Be Listed for Private Sale. However, it should be noted, in its written reasons for judgment, issued on July 10, 2018, the trial court reversed its ruling granting the partition of the property by private sale, and denied the request for private sale, citing that it lacked the authority to order a

3

private sale of the property.  Koerner sought supervisory review, by this Court, of the trial court's judgment rendered on July 10, 2018. This Court denied Koerner's writ application. *Treas v. Koerner,* 2018-0621 (La. App. 4 Cir. 9/11/18)(unpublished).

On September 6, 2018, Treas filed a Motion to Compel More Complete Answers to Interrogatories and Requests for Production. Treas also filed, on September 20, 2018, a Motion for Exclusive Use of the property. Koerner filed, on October 12, 2018, her opposition to Treas' Motion for Exclusive Use of the property. In her opposition, Koerner argued that she had paid all mortgage payments and had taken care of all other expenses for the maintenance of the property.[4] On October 19, 2018, the matter on Treas' motions came for hearing before the trial court. On the same date, the trial judge orally ruled as follows:

> (1)  Granted Treas' Motion to Compel More Complete Answers to Interrogatories and Requests for Production;
>
> (2)  Ordered Koerner to produce the responsive documents and answers to interrogatories;
>
> (3)  Granted Treas' Motion for Exclusive Use;
>
> (4)  Ordered Koerner to vacate the property by October 31, 2018, by noon; and
>
> (5)  Ordered Koerner not to cause any damage to the property or remove any movables from the property subject to dispute of ownership.

Thereafter, on October 25, 2018, Koerner again sought supervisory review by this Court, of the trial court's October 19, 2018, judgment ("October 2018 judgment"). This Court denied Koerner's writ application on October 30, 2018. *Treas v.*

---

[4] Despite Koerner's contentions, she did not provide any supporting evidence in her opposition in asserting this claim.

*Koerner*, 2018-0934 (La. App. 4 Cir. 10/30/18)(unpublished). On the same date, Koerner filed the Motion.

On November 2, 2018, Koerner filed a motion for a new trial. In her motion, Koerner argued that a new trial was warranted because the trial court erroneously declared that Treas had been the sole payor of the mortgage on the property. To support her argument, she provided her bank statements and mortgage loan statements showing the payments she made on the property.

The trial court, on November 5, 2018, issued its judgment and written reasons denying Koerner's motion for a new trial. In its written reasons, the trial court stated Koerner failed to assert during the course of the hearing that she had been the sole payor of the mortgage after Treas left the property.[5] Further, the trial court stated its finding that Treas' status as the sole payor of the mortgage was not a substantial basis for granting Treas' Motion for Exclusive Use, but was merely one of its reasons for judgment.

Again, on November 14, 2018, Koerner filed a writ application seeking supervisory review by this Court of the trial court's judgment rendered on November 5, 2018, denying her motion for new trial. On the same date, Koerner filed a Motion for Appeal and requested a stay of the "dispossession/eviction injunction" rendered by the trial court in its October 2018 judgment. The trial court denied Koerner's motion for appeal reasoning that it was an "improper use of appellate court procedure." On November 15, 2018, this Court denied Koerner's

---

[5] It should be noted that the hearing transcript in the record indicates that Koerner's counsel did assert that she had been paying for everything in reference to maintenance of the home and the mortgage loan payments on the home were "completely up to date."

writ application, in which she sought review of the trial court's November 5, 2018, judgment. *Treas v. Koerner*, 2018-0971 (La. App. 4 Cir. 11/15/18)(unpublished).

On November 21, 2018, Koerner filed an application for supervisory writ to the Louisiana Supreme Court. While this matter was before the Louisiana Supreme Court, Treas filed, on December 6, 2018, in the trial court, a Motion for Reconsideration of Private Sale and Opposition to Defendant's Rule for Judgment on the Pleadings, a Rule for Contempt, and supporting memorandum. Koerner filed, on December 10, 2018, an opposition to Treas' Motion for Reconsideration of a Private Sale and a reply memorandum in support of the Motion. In Koerner's reply memorandum and opposition, she argued that Treas failed to cite any law authorizing a private sale or that controverted the trial court's judgment and reasons declaring it lacked authority to order a private sale.

On December 14, 2018, the following motions came before the trial court:

(1) Koerner's Motion for Judgment on Pleadings for Partition of Licitation through Public Sale at Treas' Cost and Initiation;

(2) Treas' Motion for Reconsideration of Private Sale; and

(3) Treas' Rule for Contempt.

The trial court rendered judgment, on the same date, and issued written reasons in which it:

(1) Denied the Motion filed by Koerner;

(2) Granted Treas' Motion for Reconsideration of Private Sale;

(3) Granted Treas' Rule for Contempt ordering Koerner to pay a fine in the amount of $500.00, to vacate the property by December 17, 2018, and

6

(4) Ordered that Koerner pay a fine in the amount of $50.00 for each additional day she remained on the property until she complied with the order, and ordered Koerner not to damage or destroy the property and not remove any personal property and movables from the home over which there is dispute as to ownership.

Koerner sought expedited supervisory review of the December 2018 judgment, by this Court. On December 17, 2018, prior to this Court's ruling on Koerner's expedited writ application, the Louisiana Supreme Court denied Koerner's writ application in which she sought supervisory review of the trial court's November 5, 2018, judgment denying her motion for new trial. *Treas v. Koerner*, 2018-1891 (La. 12/17/18), 258 So.3d 600. Thereafter, on December 20, 2018, this Court denied Koerner's expedited writ application seeking supervisory review of the December 2018 judgment. *Treas v. Koerner*, 2018-1080 (La. App. 4 Cir. 12/20/18)(unpublished). It is from the December 2018 judgment that Koerner now appeals.

## DISCUSSION

Koerner raises these seven (7) assignments of error:

(1) The trial court erred in granting Treas' Motion for Exclusive Use in its judgment of October 19, 2018;

(2) The October 19, 2018, judgment constitutes injunctive relief;

(3) The trial court was in error as to the October 19, 2018, judgment and reasons for judgment;

(4) The trial court erred in denying a motion for new trial based on mandatory grounds, including newly-discovered/newly-relevant evidence;

(5) the December 14, 2018, judgment granting Treas' "Motion for Reconsideration of Private Sale" constituted

7

a mandatory injunction that could not be issued in a summary proceeding;

(6)     The trial court erred in denying the Motion filed by Koerner and ordering, in the absence of consent of both co-owners, the private sale of property; and

(7) Factual errors, used by the trial court in informing its discretion, demonstrate an abuse of discretion that cannot explain or excuse its errors of law.

This Court has determined that all assignments of error can be resolved by addressing three issues: (1) whether the December 2018 judgment is a final, appealable judgment; (2) whether the trial court erred in ordering the private sale of the property, and, therefore, erred in denying Koerner's Motion for Judgment on the Pleadings; and (3) whether the trial court committed manifest error in granting Treas' Rule for Contempt and finding Koerner in constructive contempt of court. We will address these issues accordingly.[6]

### Issue Number 1 - Jurisdiction- Final Appealable Judgment

We must first address whether the December 2018 judgment is a final, appealable judgment. Prior to addressing the merits of the appeal, appellate courts have the duty to determine *sua sponte* whether our appellate court's jurisdiction has been properly invoked by a valid final judgment. *Bayer v. Starr Int'l Corp.*, 2017-0257, p. 3 (La. App. 4 Cir. 8/15/17), 226 So.3d 514, 517–8 (citing *Moon v. City of New Orleans*, 2015-1092, p. 6 (La. App. 4 Cir. 3/16/16), 190 So.3d 422, 425; *Tsegaye v. City of New Orleans*, 2015-0676, p. 3 (La App. 4 Cir. 12/18/15), 183 So.3d 705, 710; *Delta Staff Leasing, LLC v. South Coast Solar, LLC*, 2014-1328 (La. App. 4 Cir. 9/23/15), 176 So.3d 668).

---

[6] Notably, we also find the issue of exclusive use, which the trial court granted to Treas, raised by Koerner meritorious. However, Koerner has declared that she no longer seeks review of the trial court's October 2018 judgment granting Treas exclusive use of the property. As such, all assignments of error (#1-4) relating to the issue of exclusive use are moot.

As such, we must analyze the December 2018 judgment from which Koerner appeals. From this judgment, Koerner seeks review of the trial court's denial of her Motion for Judgment on the Pleadings for Partition by Licitation… through Public Sale and the granting of Treas' Motion for Reconsideration of Private Sale and ordering Koerner in constructive contempt of court and assessing a fine for her failure to comply with the order to vacate the property.

Here, the December 2018 judgment reads, in pertinent part, as follows:

> On December 14, 2018, the following motions came before the Court for hearing:
>
> 1.    Chantal Koerner's *Motion for Judgment on the Pleadings for Partition by Licitation of 120 Alden Place through a Public Sale as prayed for by Plaintiff, Corey Treas, at his Cost and Initiation*;
> 2.    Corey Treas' *Motion for Reconsideration of Private Sale*; and
> 3.    Corey Treas' *Rule for Contempt*.
>
> \*\*\*
>
> **IT IS ORDERED, ADJUDGED, AND DECREED** that Chantal Koerner's Motion for Judgment on the Pleadings for Partition by Licitation of 120 Alden Place through a Public Sale as prayed for by Plaintiff, Corey Treas, at his Cost and Initiation is DENIED.
>
> **IT IS ORDERED, ADJUDGED, AND DECREED** that Corey Treas' Motion for Reconsideration of Private Sale is GRANTED.
>
> **IT IS ORDERED, ADJUDGED, AND DECREED** that Corey Treas' Rule for Contempt is GRANTED.

The only portion of this judgment that constitutes a final, appealable judgment is the rule for contempt. "All contempt judgments are deemed final judgments, subject to immediate appeal." *Cambrie Celeste LLC v. Starboard Management, LLC*, 2016-1318, pp. 9-10 (La. App. 4 Cir. 11/16/17), 231 So.3d 79, 85. Further, "[a] final, appealable judgment must contain the proper decretal

9

language. The judgment must name the party against whom and the party in favor of whom the ruling is ordered, as well as the relief denied or granted." *Id.* (quoting *Urquhart v. Spencer*, 2015-1354, p. 3 (La. App. 4 Cir. 12/1/16), 204 So.3d 1074, 1077; *Board of Supervisors of Louisiana State University v. Mid City Holdings*, L.L.C., 2014-0506, p. 3 (La. App. 4 Cir. 10/15/14, 151 So.3d 908, 910). Also, the relief must be determinable "from the judgment itself—without any reference to an extrinsic source—the specific relief granted." *Tsegaye*, 2015-0676, p. 3, 183 So.3d at 710.

As to the first element, which requires that the judgment name the party in favor of whom each ruling is made, the judgment meets this element. The judgment provides the name of the party of whom the ruling is ordered for each motion and rule of contempt.

The second element requires that the judgment name the party against whom the ruling is ordered. The judgment provides a list of the motions that were before the trial court and the parties who filed each motion. Thus, while the judgment does not explicitly provide the party against whom its ruling is ordered, it is evident from the language of the judgment, without the reference to any extrinsic source, to whom each ruling is ordered against.

The last element requires that the judgment state the specific relief denied or granted. Accordingly, the judgment designates the specific relief rendered. For instance, the judgment provides that "Corey Treas Rule for Contempt is Granted." This designation is explicit and determinable from the judgment itself.

Moreover, "[a] judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment." *Maqubool v. Sewerage and Water Board of New Orleans*, 2018-0572, p. 3 (La.

10

App. 4 Cir. 11/14/18), 259 So.3d 630, 632; *See* La. C.C.P. art. 1841. Here, the motions ruled on by the trial court constitute interlocutory judgments because neither determines the merits of the case. On appeal, however, "[a]n appellant is entitled to seek review of all adverse interlocutory judgments prejudicial to them, in addition to the review of the final judgment when an unrestricted appeal is taken." *Id.*, 2018-0572, p. 3, 259 So.3d at 632-3 (quoting *Orleans Parish School Board v. Lexington Insurance Company*, 2011-1720, p. 10 (La. App. 4 Cir. 8/22/12), 99 So.3d 723, 729).

Here, the trial court's ruling on Treas' Motion for Reconsideration of Private Sale and Koerner's Motion for Judgment on the Pleadings for Partition by Licitation…through Public Sale are both adversarial to Koerner as each deny the relief she seeks, which is the partition of the property by public sale.

Thus, this Court's appellate jurisdiction is properly invoked; and we may review the entire judgment.

### *Issue Number 2 - Partition of Co-Owned Property by Private Sale*

Next, we address the crucial issue in this appeal of whether a trial court has the authority to order partition of co-owned property through a private sale. On December 14, 2018, the trial court denied the Motion filed by Koerner and granted Treas' Motion for Reconsideration of Private Sale. In granting Treas' motion, the trial court ordered the property to be sold by private sale. Koerner contends the trial court's December 2018 judgment was in error and that the Motion should have been granted.

A motion for judgment on the pleadings presents solely a question of law. *Stonebridge Development, LLC v. Stonebridge Enterprises, LLC*, 42,039, p. 3 (La. App. 4 Cir. 4/4/07), 954 So.2d 893, 896. Questions of law are subject to *de novo*

11

standard of review. *Daigre v. International Truck and Engine Corp.*, 2010-1379, p. 10 (La. App. 4 Cir. 5/5/11), 67 So.3d 504, 510.

La. C.C.P. art. 965 states, in pertinent part, that:

> Any party may move for judgment on the pleadings…For the purposes of this motion, all allegations of fact in mover's pleadings not denied by the adverse party or by effect of law, and all allegations of fact in the adverse party's pleadings shall be considered true.

Further, "[i]n considering a motion for judgment on the pleadings, nothing beyond the pleadings may be considered; supporting evidence may not be considered." *Daigre*, 2010-1379, p. 5, 67 So.3d at 508 (citing *Gibbens v. Wendy's Foods, Inc.*, 31,487, pp. 3–4 (La. App. 2 Cir. 1/20/99), 729 So.2d 629, 631–632). When reviewing this issue, we shall apply a *de novo* standard of review.

Koerner argues that the trial court lacks the authority to order a partition of the property by a private sale. Specifically, Koerner argues the La. C.C. arts. 800[7], 807[8], and 809[9] through 811[10] mandate that the trial court order judicial sale of the property. Further, Koerner argues that the trial court does not have the authority to order partition of the property by private sale absent an agreement between co-owners. *Welch v. Zucco*, 27, 634 (La. App. 2 Cir. 12/6/95), 665 So.2d 697; *Thompson v. Celestain*, 2005-1481 (La. App. 4 Cir. 6/28/06), 963 So.2d 219. As such, Koerner asserts the trial court erroneously based its decision to order a private sale on its discretion.

---

[7] La. C.C. art. 800, Preservation of The Thing.

[8] La. C.C. art. 807, Right to Partition; Exclusion By Agreement.

[9] La. C.C. art. 809, Judicial and Extrajudicial Partition; La. C.C. art. 810, Partition in Kind.

[10] La. C.C. art. 811, Partition by Licitation or By Private Sale.

In opposition, Treas argues the trial court has the discretion and legal authority to order partition of the property by private sale. Further, Treas argues La. C.C. art. 811 requires that the court decree partition by licitation **or** a private sale when a thing cannot be divided. He, also, contends the parties agreed to private sale of the property, but Koerner, subsequently, changed her position.

In denying the Motion filed by and granting Treas' Motion to Reconsider the Private Sale of the property, the trial court relied on La. Civ. Code art. 811 and La. C.C.P. art. 4605, which state:

> **La. C.C. art. 811- Partition by Licitation or By Private Sale:**
>
> When the thing held in indivision is not susceptible to partition in kind, the court shall decree a partition by licitation **or by private sale** and the proceeds shall be distributed to the co-owners in proportion to their shares. (emphasis added).
>
> **La. C.C.P. art. 4605- Preference; Appointment of Notary; Discretion of Court**:
>
> A partition proceeding shall be tried with preference over other ordinary proceedings.
>
> After the trial of the proceeding, if the court finds that the plaintiff is entitled to a partition of the property, the court shall appoint a notary to make the partition in accordance with law.
>
> Except as otherwise provided in Article 4606, the court has discretion to direct the manner and conditions of effecting the partition, so that it will be **most advantageous and convenient to the parties**. (emphasis added).

Additionally, the trial court, in its written reasons, noted that the following informed its decision to deny Koerner's motion:

> (1) that Koerner had not obtained financing for the home despite representations to Treas that she would do so;

13

(2) that, after several conferences in this matter, it was under the impression that the parties had arrived at an agreement for a private sale; and

(3) that Koerner informed the court that the property likely will not sell at a public sale due to the upside down mortgage over the property.

Relying upon the language of La. C.C. art. 811 and La. C.C.P. art. 4605, the trial court determined that a private sale would be "the most advantageous and convenient" option for the parties given the "unique" nature of this case. However, Koerner argues that the trial court erroneously based its decision to order a private sale on its discretion and erred in reversing its previous ruling which determined it lacked the authority to order a private sale of the property. We agree.

Under Louisiana law, a person may not be compelled to own property in indivision with another and may petition a court of competent jurisdiction to partition the property between its owners. *Thompson* 2005-1481, p. 5 936 So.2d at 222 (citing La. C.C. art. 807; *Ainsworth v. Ainsworth*, 2003-1626, p. 4 (La. App. 4 Cir. 10/22/03), 860 So.2d 104, 109)). If the property in question is not divisible in kind, such as a house, it must be partitioned by licitation and put up for sale at public auction. *Id.* (citing La. C.C. art. 811). The parties may agree, however, to a private sale at any time before the auction is held. *Id.* (citing La. C.C.P. art. 4607). Limitations on the right to partition are to be strictly construed. *Ainsworth*, 2003-1626, p. 4, 860 So.2d at 109 (citing *Campbell v. Pasternack Holding Co., Inc.*, 625 So.2d 477 (La. 1993)). It must be shown that an agreement by the parties not to partition is definite and certain. *Id.* (citing *Walker v. Chapital*, 218 La. 663, 50 So.2d 641 (1951)).

Koerner and Treas were involved in a romantic relationship. During the course of their romantic relationship, the record shows that Treas purchased the

property, in his name only. After purchasing the property, he executed a quitclaim deed, conveying "fifty-percent (50%) of his interest," in favor of Koerner. As such, it is undisputed that Koerner and Treas are co-owners of "the property." It is also undisputed that the property, a house, is not divisible in kind.

This Court, in *Thompson*, addressed the same issue presented to us in this appeal—partition of co-owned property between a former couple. *Thompson* involved a petition for partition of immovable property brought by plaintiff, Leona Thompson, against her former boyfriend, Alfred Celestain. The plaintiff alleged that she was the owner of an undivided one-half interest in the house and that the property was not susceptible to division in kind because the property included the land and the house. As to the partition of the property at issue in *Thompson*, the trial court rendered judgment in favor of the defendant and conveyed the plaintiff's undivided one-half interest to the defendant. The plaintiff appealed asserting the trial court erred in ordering the transfer of her interests to the defendant instead of partitioning the property. This Court vacated the trial court's judgment and remanded the matter. In its decision, this Court held:

> [A] person may not be compelled to own property in indivision with another and may petition a court of competent jurisdiction to partition the property between its owners. If the property in question is not divisible in kind, such as a house, it must be partitioned by licitation and put up for sale at public auction. The parties may agree, however, to a private sale at any time before the auction is held. (internal citations omitted).

*Thompson,* 2005-1481, p. 5, 936 So.2d at 222.

Further, this Court concluded, "[i]n the absence of an agreement to privately sell the property…the trial court was bound as matter of law to order the property

15

sold at auction…" and "an agreement to sell property in lieu of partition must be 'definite and certain.'" *Id.*, 2005-1481, p.6, 936 So.2d at 222.

Treas contends there was an agreement between him and Koerner to sell the property by private sale, but Koerner changed her position. To the contrary, Koerner argues there was never such an agreement. The record does not reflect that Treas and Koerner agreed to a private sale of the property. La. C.C.P. art. 4607 authorizes the parties **to agree** to a private sale at any time before the public sale.[11] In the absence of an agreement of the co-owners to a private sale of the property, a judicial partition is the only remedy. *See* La. C.C. art. 811; *Ainsworth*, 2003-1626, 860 So.2d 104; *Welch,* 27, 634, 665 So.2d 697; *Thompson*, 2005-1481, 963 So.2d 219. Furthermore, an agreement by the parties not to partition must be "definite" and "certain." *Ainsworth*, 2003-1626, p. 4, 860 So.2d at 109. The record on appeal shows that the parties differ as to whether there was an agreement to sell the property by private sale. Therefore, if there was an agreement, it was not "definite" and "certain." *Id.*; *Thompson¸* 2005-1481, p. 6, 936 So.2d at 222.

The law does not provide for the result reached by the trial court in this matter. It is not within the trial court's discretion to grant a court ordered private sale because it is an "advantageous and convenient option for the parties given the unique nature of the case." La. C.C. art. 811 and La. C.C.P. art. 4605, which the trial court relied upon to order a private sale, have been interpreted by

---

[11] La. C.C.P. art. 4607 provides that:

> When a partition is to be made by licitation, the sale shall be conducted at public auction and after the advertisements required for judicial sales under execution. All counsel of record, including curators appointed to represent absentee defendants, and persons appearing in proper person shall be given notice of the sale date. At any time prior to the sale, the parties may agree upon a nonjudicial partition.

jurisprudence to make no such provision. The Court of Appeal, Second Circuit addressed the interpretation of these two articles in *Welch*, 27, 634, 665 So.2d 697. In *Welch*, the Second Circuit reversed and remanded a lower court's decision to order partition of property by a private sale. Similarly, as in this appeal, co-owners were disputing over the partition of property. The trial court determined that the matter presented two issues: (1) whether the plaintiffs were entitled to partition by licitation or (2) if defendant was entitled to purchase plaintiffs' interest at a stipulated price. *Welch*, 27, 634, p. 2, 665 So.2d at 699. Ultimately, the trial court ordered a partition by private sale, as it determined that it would be the "most convenient and advantageous method of partition" for the parties. *Id.*, 27, 634, p. 3, 665 So.2d at 699. The Second Circuit, however, disagreed with the lower's court ruling. In reversing the trial court, the Second Circuit concluded:

> [W]e conclude that nothing in the code articles, comments thereto, or jurisprudence contemplates a court-ordered private sale as directed by the trial court in this matter. LSA—C.C. Art. 811, amended in the 1990 legislative session, indeed contemplates partition by private sale. Additionally, LSA—C.C.P. Art. 4607, also amended in the 1990 legislative session, directs that partitions by licitation be conducted at public auction but also provides that a nonjudicial partition may be agreed upon by the parties prior to a judicial sale.

*Id.*, 27, 634, p. 5, 665 So.2d at 700.

The Second Circuit also concluded that, "[w]e believe the 'private sale' of Art. 811 and the consensual sale in Art. 4607 are simply the sale defined by LSA—C.C. Art. 2439, i.e., in order to effect the sale, there must agreement between the parties as to thing, price and consent." *Id.*, 27, 634, p. 6, 665 So.2d at 700. Clearly, absent an agreement between Koerner and Treas to sell the property by private

sale, the trial court was bound, as a matter of law, to order the property to be sold at public auction.

To support his position that the trial court was correct in granting his Motion for Reconsideration of a Private Sale and ordering a private sale of the property, Treas argues that the property will sell for less at a public sale; a public sale will not cancel the mortgage, which places a restriction on the sale of the property; and at a public sale, the property will be transferred "subject to all mortgages and liens." Treas' arguments are without merit.

La. C.C. art. 812 provides that: "[w]hen a thing held in indivision is partitioned in kind or by licitation, a real right burdening the thing is not affected." Moreover, La. C.C. art. 815 states: "[w]hen a thing is partitioned by licitation, a mortgage, lien, or privilege that burdens the share of a co-owner attaches to his share of the proceeds of the sale." Since the record does not reflect that the parties agreed to a private sale of the property, the sale of the property must be effected by partition by licitation, and Koerner and Treas will be "entitled to a portion of the proceeds equal to their ownership share in the property, and further share according to their ownership interest in the liability for any mortgages or encumbrances on the property." *Thompson*, 2005-1481, pp. 5-6, 936 So.2d at 222.

Moreover, in effecting the partition by licitation of the property, "[t]he trial court has the discretion to direct the manner and conditions of effecting a partition so that it will be most advantageous and convenient to the parties." *Vuskovich v. Thorne*, 466 So. 2d 619, 621 (La. App. 5th Cir. 1985). This discretion extends to the trial court's "right to set a minimum bid which the property must bring at judicial sale." *Id*. Thus, we deem it appropriate for the trial court to set a minimum bid that the property must bring at the public sale. *Id.*

18

*Issue Number 3 – Granting of Contempt Judgment*

Lastly, Koerner argues the trial court's December 2018 judgment, granting Treas' Rule for Contempt and finding her in constructive contempt of court should be reversed. "Appellate courts review a trial court's finding of contempt by a manifestly erroneous standard." *State through Department of Children and Family Services Child Support Enforcement v. James Knapp*, 2016-0979, p. 11 (La. App. 4 Cir. 4/12/17), 216 So.3d 130, 139 (citing *Jaligam v. Pochampally*, 2014-0724, p. 5 (La. App. 4 Cir. 2/11/15), 162 So.3d 464, 467). Pursuant to La. C.C.P. art. 221, "[a] contempt of court is any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority." In Louisiana, there are two types of contempt of court, direct and constructive. *Id.*; *See Germain v. Germain*, 2019-0067, p. 4 (La. App. 4 Cir. 9/11/19), __ So.3d __. Constructive contempt of court is a "[w]ilful disobedience of any lawful judgment, order, mandate, writ, or process of the court…" La. C.C.P. art. 224(2). In the trial court's December 2018 judgment, Koerner was found to be in constructive contempt of court for failure to comply with the trial court's order to vacate the property by noon on October 31, 2018.

Further, "[a] court's finding that a person willfully disobeyed a lawful judgment in violation of La. C.C.P. art. 224(2) must be based on a finding that the accused violated an order of the court 'intentionally, purposely, and without justifiable excuse.'" *Knapp*, 2016-0979, p. 13, 216 So.3d at 140 (quoting *Burst v. Schmolke*, 2010–1036, p. 6 (La. App. 4 Cir. 4/6/11), 62 So.3d 829, 833). "The trial court is vested with great discretion in determining whether a party should be held in contempt for disobeying a court order and the court's decision should be

reversed only when the appellate court discerns an abuse of that discretion." *Id*., 2016-0979, pp. 13-14, 216 So.3d at 140.

On October 19, 2018, the trial judge orally ruled, granting Treas exclusive use of the property, and ordering Koerner to vacate the property by noon on October 31, 2018. The written judgment was signed, by the trial judge, on October 29, 2018. The judgment, in pertinent part, as to the exclusive use of the property, states:

> **IT IS FURTHER ORDERED** that the Plaintiff's Motion for Exclusive Use is GRANTED and Chantal Koerner is ordered to vacate the property located at 120 Alden Place, New Orleans, LA 70119 by October 31, 2018 by 12:00 p.m. noon.

Thereafter, on October 25, 2018, Koerner requested a stay of the proceedings by the trial court and applied for supervisory writ before this Court. The trial court denied Koerner's request for stay. This Court denied Koerner's request for supervisory review of the October 2018 judgment. *Treas v. Koerner*, 2018-0934, (La. App. 4 Cir. 10/30/18)(unpublished). Subsequently, Koerner sought supervisory writ to the Louisiana Supreme Court, which was denied. *Treas v. Koerner*, 2018-1891 (La. 12/17/18), 258 So.3d 600. After the trial court's October 2018 judgment, Koerner filed various motions with the trial court. Koerner sought supervisory review, by this Court, several times on various rulings by the trial court, and each time Koerner requested the trial court to stay its October 2018 judgment ordering her to vacate the property. Each time the trial court denied Koerner's request for stay.

The record on appeal is clear as to the trial court's repeated denials to stay its October 2018 judgment ordering Koerner to vacate the property by noon on October 31, 2018. Furthermore, the record shows the trial court's October 2018

judgment was not reversed by this Court. Therefore, the trial court's October 2018 judgment remained in effect. Koerner was on notice, as of October 19, 2018, that she was to vacate the property by noon on October 31, 2018. However, as of December 14, 2018, Koerner had not vacated the property. Therefore, the trial court granted Treas's Rule for Contempt and found Koerner in contempt for failing to comply with its October 2018 judgment. We agree.

Koerner had no justifiable excuse for her failure to comply with the trial court's October 2018 judgment, as no stay was granted by the trial court. The judgment was valid and still in effect. Koerner chose to disobey the trial court's October 2018 judgment, which ordered her to vacate the property. Koerner failed to show a justifiable excuse for remaining at the property. Her refusal to vacate the property without a "justifiable excuse" was an "intentional" disregard of the trial court's order, as stated by the trial court in its written reasons for judgment dated December 14, 2018. Thus, we do not find that the trial court committed manifest error in finding Koerner in constructive contempt of court. Further, the trial court, in its December 2018 judgment, properly ordered, pursuant to La. R.S. 13:4611(1)(d)(i),[12] Koerner to pay a fine in the amount of five hundred dollars ($500) and a fine in the amount of fifty dollars ($50) for each additional day she remained on the property after December 17, 2018.

Therefore, we find Koerner's argument contesting the trial court's granting of Treas' Rule for Contempt and finding her in constructive contempt of court to be meritless.

---

[12] La. R.S. 13:4611(1)(d)(i) provides, [f]or any other contempt of court, including disobeying an order for the payment of child support or spousal support or an order for the right of custody or visitation, by a fine of not more than five hundred dollars, or imprisonment for not more than three months, or both.

21

**DECREE**

For the foregoing reasons, we reverse in part the trial court's judgment of December 14, 2018, denying the Motion filed by Koerner and granting Treas' Motion for Reconsideration of Private Sale.

We affirm in part the trial court's judgment of December 14, 2018, granting Treas' Rule for Contempt and finding Koerner in constructive contempt of court. We remand for further proceedings.

**REVERSED IN PART; AFFIRMED IN PART; AND REMANDED**